# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-IA-00429-SCT

*KEITH JOHNSON, AS THE PERSONAL
REPRESENTATIVE OF DIANA N. JOHNSON,
DECEASED*

*v.*

*MEMORIAL HOSPITAL AT GULFPORT, DR.
JOSEPH STRIBLING, DR. RICHARD WEILAND,
DR. J. MARK HARRIS, DR. EUGENE McNALLY
AND DR. PHILLIP A. SCHAEFFER*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/97 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM L. DENTON |
| ATTORNEYS FOR APPELLEES: | ROGER T. CLARK |
| | GEORGE F. BLOSS, III |
| | MARY MARGARET ALEXANDER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 12/31/98 |
| MOTION FOR REHEARING FILED: | 1/28/99 |
| MANDATE ISSUED: | 4/22/99 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

## SUMMARY

¶1. On the morning of trial, counsel for Keith Johnson made a Motion in Limine to exclude the deposition testimony of Dr. Jackson and Dr. Fredericks based on *ex parte* contacts by counsel for the Defendants. The trial court denied the motion but entered an order permitting an interlocutory appeal to this Court.

## STATEMENT OF THE FACTS

¶2. On July 18, 1995, Keith Johnson, ("Johnson"), as personal representative of Diana N. Johnson,

deceased, filed suit in the Circuit Court of Harrison County, Second Judicial District, against Memorial Hospital at Gulfport, Dr. Joseph Stribling, Dr. Richard Weiland, Dr. J. Mark Harris, Dr. Eugene McNally, and Dr. Philip A. Schaffer, ("Defendants") alleging that Defendants negligently failed to diagnose and treat the decedent.

¶3. On September 1, 1995, the trial court entered an order of waiver of medical privilege. Relying on the exception to the medical privilege found in Miss. Code Ann. 13-1-21(4) (Supp. 1992), the trial court ordered that "any and all medical providers with any medical information relevant to the allegations upon which the claim is based may disclose such information upon the request of the Defendants listed or their respective attorneys, without further waiver being executed by the patient or representative." The order further stated that "the disclosure of such relevant information shall not be limited by the patient . . . nor attorney . . . ."

¶4. Subsequently, the Defendants took the depositions of Dr. Joseph Alan Jackson and Dr. Ruth Fredericks, both of whom treated the decedent specifically for injuries which are at issue. The Plaintiff alleges that the Defendants had contacted both doctors, *ex parte*, for the purpose of rendering opinions and providing testimony prior to the time that their depositions were taken.

¶5. On the morning of trial, Johnson filed a motion in limine seeking to exclude the entire testimony of both doctors. He based his argument on M.R.E. 503(f), which provides that a party who places his medical condition in issue waives the medical privilege only to the extent of the injury, and on this Court's decision rendered in *Scott v. Flynt*, 704 So.2d 998 (Miss. 1996). The rule also prohibits *ex parte* contacts by the opposing party. See M.R.E. 503(f) (amended 1992).

## DISCUSSION OF THE LAW

### WHETHER THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S MOTION TO EXCLUDE THE DEPOSITION TESTIMONY OF THE PLAINTIFF'S PHYSICIANS WHICH WAS TAKEN EX PARTE BY THE DEFENDANTS?

¶6. In *Scott*, we held: 1) "the plaintiff's medical privilege regarding any relevant medical information form whatever source is automatically waived for the purposes of and only to the extent to which the plaintiff's condition is put at issue"; and 2) evidence obtained from ex parte contacts, without prior patient consent, by the opposing party which is subsequently used during a legal proceeding, is inadmissible." *Scott*, 704 So.2d 1003-07.

¶7. Johnson urges this Court that since *ex parte* communication occurred between Defendants and the two doctors, all their testimony, including that given at the depositions where Johnson was represented by counsel, should be excluded. In denying Johnson's motion in limine, the trial court relied on the fact that its order waiving the medical privilege was issued on September 1, 1995, well before this Court's decision in *Scott*, which was handed down on April 18, 1996. While *Scott* does require that evidence obtained by the opposing party as a result of *ex parte* contacts, without prior patient consent, is inadmissible in a subsequent proceeding, exclusion of all the evidence in this case is unjustified. In the case at bar, the trial court's order limited the waiver to relevant information pertaining to the current litigation.

¶8. As a general rule, decisions of this Court are to be applied retroactively. *See generally **Morgan v. State***, 703 So.2d 832, 839 (Miss. 1997); ***Anderson v. Anderson***, 692 So.2d 65,70 (Miss. 1997).

However, the application of retroactivity should be balanced with a recognition of possible unfairness where certain events transpired under the former rule. *Cain v. McKinnon*, 552 So.2d 91, 92 (Miss. 1989). A review of both doctors' depositions finds nothing testified to by the doctors that was not discernible from the decedent's treatment records. In addition, Johnson does not identify anything in the depositions that was privileged, irrelevant, or obtained as a result of the *ex parte* contact. Under these circumstances, there does not appear to be any reason to exclude the doctors' entire depositions. Upon a relevancy hearing, motion in limine, or objection at trial, the trial judge may exclude irrelevant, privileged or other information obtained as a result of the *ex parte* contact under the **Scott** rationale.

¶9. Defendants argue that the "no *ex parte* contact rule" is an unconstitutional restriction on the doctor's fundamental right of free speech. This argument has been settled and is without merit. This Court "will not decide a constitutional question unless it is necessary to do so in order to decide the case." ***Kron v. Van Cleave***, 339 So.2d 559, 563 (Miss. 1976). Justice Roberts, writing for an unanimous court in **Scott**, made it clear that the case was decided upon "statutory interpretation grounds making it unnecessary to address the constitutional concerns." **Scott**, 704 So.2d at 1007. Likewise, this Court declines to address Defendants' constitutional argument.

## CONCLUSION

¶10. The fundamental precepts of **Scott** are reaffirmed. That is, the manner by which relevant information subject to the medical privilege is acquired is limited to "either a voluntary consensual disclosure by the patient who is the holder of the privilege or the formal discovery process to prevent any breach of confidentiality ... ." ***Id***. However, under the facts of this case, we decline to exclude **all** of the testimony of Dr. Jackson and Dr. Fredericks because of the *ex parte* contact done pursuant to court order. The only reasoned way to deal with this issue is for Johnson to seek exclusion of any specific "guilty" information, whether privileged or irrelevant, obtained from improper ex parte contact, through an evidentiary hearing, motion in limine, or objection at trial. This case is remanded to the trial court for proceedings not inconsistent with this opinion.

¶11. **REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN AND PITTMAN, P.JJ.**

### McRAE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:

¶12. While I concur in the result to remand, I respectfully dissent as to the approach used to reach that result as well as the mandate underlying such result. The Rule and ***Scott v. Flynt***, 704 So. 2d 998 (Miss. 1996) provide that no ex parte communications are authorized in a medical malpractice situation such as that in the present case. Accordingly, most, if not all of the doctors' opinions should be excluded. Hence, I dissent as to everything outside the result.

¶13. Miss. R. Evid. 503(f), as amended in 1992, states that ex parte contact by the opposing party is not authorized under the exception to the physician-patient privilege that waives the privilege where a party's

pleadings places that party's physical, mental, or emotional condition at issue. The trial court is bound by such rule.

¶14. Further, there is no reasonable justification for deeming *Scott* as prospective rather than retrospective. Johnson commenced this case July 18, 1995. *Scott* was handed down in 1996. Cases in this Court are retrospective unless stated otherwise, which did not occur in this case. Hence, this is the sole case filed pre-*Scott* as to which retrospectivity has been challenged. We may not justify changing our handling of cases when other such cases have retrospectively held to the law of *Scott*. Thus, the language of *Scott* holds:

> The logical conclusion is that ex parte contacts by the opposing party are prohibited in both medical malpractice and other personal injury cases as well, which limits the gathering of the medical information to the presently available formal discovery mechanisms absent express patient consent *once* the lawsuit has begun.

*Id.* at 1006.

¶15. Rule 503(f) and *Scott* require the defendants not to act in an ex parte fashion. It follows that most if not all of the doctors' opinions should be precluded. Yet, despite the clear dictate of the law, the Court acts in an opposite fashion. Hence, the majority's mandate is unreasoned in that the majority places the burden on "Johnson to seek exclusion of any specific 'guilty' information." It is indeed an unfortunate day when a plaintiff may no longer feel confident and comfortable relying on a facially protective law. Such a day has arrived.

¶16. Accordingly, I dissent.

**SULLIVAN AND PITTMAN, P. JJ., JOIN THIS OPINION.**