# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00745-SCT

*STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY, ET AL.*

*v.*

*WILLIE G. MURRIEL, INDIVIDUALLY, AND*
*MURRIEL'S AUTO BODY &*
*PAINT SHOP, INC., ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/25/2003 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | W. SCOTT WELCH, III |
| | LEANN MERCER |
| | CAMILLE HENICK EVANS |
| ATTORNEYS FOR APPELLEES: | BRIAN K. HERRINGTON |
| | ANTHONY RENARD SIMON |
| | S. ROBERT HAMMOND, JR. |
| | CHARLES BARRETT |
| | THOMAS P. THRASH |
| | PHILIP E. CARBY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 11/04/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Twelve individual plaintiffs filed suit against State Farm Mutual Automobile Insurance

Company and two of its agents (Dan Bell and Godwin Dafe), alleging that State

Farm "illegally steer[ed plaintiffs' existing and prospective customers] away from plaintiffs' vehicle repair businesses." Plaintiffs[1] alleged that "by . . . unlawfully threatening to withhold payments for repairs, defendants unreasonably and deceptively demanded that policyholders and claimants take their damaged vehicles to repair facilities other than plaintiffs' businesses." Finally, they alleged that the defendants "instituted a retaliatory campaign to harass, disparage and professionally discredit plaintiffs through false and malicious representations . . . regarding the quality of work performed by plaintiffs." Some of these claims are based on the implementation of State Farm's "reference program," in which it "steered" State Farm customers to take their damaged vehicles to body shops which had pledged to follow certain criteria.

¶2.    Plaintiffs alleged that the Circuit Court for the First Judicial District of Hinds County had jurisdiction over the subject matter because the cause of action occurred and accrued in Hinds County.

---

[1](1) Bo Blackwell, Bo's Body and Frame, Cullman, Alabama; (2) Sammie Davis, Sammie Davis Body Shop, Greenville, Mississippi; (3) Leon Green, Green's Body Shop, Boyle, Mississippi; (4) Jody Guest, Guest Body Shop, LLC, West Point, Mississippi; (5) Bryant Martin, Bryant Body Shop, Summit, Mississippi, (6) Willie G. Murriel, Murriel's Auto Body & Paint Shop, Inc., Jackson, Mississippi; (7) Perry Osborne, Ozzie Auto Center, Shelby, Mississippi; (8) Joe W. Pickett, Joe's Paint & Body Shop, Natchez, Mississippi; (9) Dean Poag, Cullman Auto Body & Frame, Hanceville, Alabama; (10) Mike Purnell, The Body Shop, Brunswick Georgia; (11) Larry Glen Robinson, Larry & James Body Shop, Greenville, Mississippi; (12) Vince Zito, Best of the Bay, San Mateo, California.

¶3. Defendants responded, alleging improper joinder under M.R.C.P. 20(a),[2] and then filed a motion to sever improperly joined plaintiffs and to dismiss out of state plaintiffs on forum non conveniens grounds. Defendants contended that the plaintiffs' claims were fact-specific that should be analyzed on a case-by-case basis. They stated:

> Each interaction[] relating to the claims of each plaintiff body shop occurred at different times, in different places (given the widely dispersed locales of the plaintiff body shops), which each incident involving different State Farm insureds and/or third party claimants, vehicles and under different circumstances with respect to each and every incident.

Defendants also claimed that the out-of-state plaintiffs should be dismissed because they had no ties to the State of Mississippi. The circuit judge, in a summary order, denied defendants' motion. From this order, we granted permission for the defendants to bring this interlocutory appeal. *See* M.R.A.P. 5.

## STANDARD OF REVIEW

¶4. The standard of review regarding joinder and venue is abuse of discretion. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1095 (Miss. 2004); *Ill. Cent. R.R. v. Travis*, 808 So. 2d 928, 931 (Miss. 2002). "[A] trial court . . . abuses its discretion by joining parties in cases failing to satisfy the two requirements of Rule 20." *Armond*, 866 So. 2d at

---

[2]M.R.C.P. 20(a) provides in pertinent part as follows:

**Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. . . .

3

1097. A clearly erroneous standard applies to the issue of forum non conveniens. *Travis*, 808 So. 2d at 931.

## DISCUSSION

### I. JOINDER

¶5. In order to join individual causes of actions, both requirements of Rule 20(a) must be satisfied. In other words, different plaintiffs' causes of action must arise out of the same transaction, occurrence or series of transactions or occurrences, and there must be questions of law or fact common to all of the plaintiffs. M.R.C.P. 20(a).

¶6. Defendants allege that plaintiffs' claims do not arise out of the same transaction, occurrence or series of transactions or occurrences. They contend that each plaintiff's claim for damages from defendants' alleged actions of steering away customers arises from separate, highly fact-specific circumstances that must be analyzed on a case-by-case basis.

¶7. We agree. The plaintiffs' businesses are located in seven different Mississippi counties and three other states. Plaintiffs dealt with different State Farm agents or employees. Each plaintiff has a different customer base, different existing customers and different prospective customers. Local marketing areas, local economic factors, prevailing competitive factors, local estimating practices, and parts availability are different for each plaintiff. The damages allegedly incurred by each plaintiff necessarily arose in a different time period, even though some overlapping may have occurred. Some plaintiffs were subject to State Farm's reference program; others relied on competitive bidding.

¶8.    The comment to Rule 20 states that "[t]he phrase 'transaction or occurrence' requires that there be a distinct litigable event linking the parties."  Here, other than being subject to State Farm's general policies and procedures, plaintiffs did not share a single transaction or occurrence or series of transactions or occurrences.  There is no distinct litigable event linking the parties.

¶9.    Because plaintiffs' claims do not arise from the same transaction or occurrence or series of transactions or occurrences, joinder is not proper under Rule 20(a).

## II.  FORUM NON CONVENIENS

¶10.    Defendants argue that the four out-of-state plaintiffs should be dismissed due to the doctrine of forum non conveniens[3] because they have no connection to the State of Mississippi, their alleged causes of action having accrued in the states of their residence. None of their claims are governed by Mississippi law.

¶11.    The doctrine of forum non conveniens protects litigants from unnecessary burdens and protects courts and taxpayers from incurring the expense of litigating foreign disputes.  To determine if the application of the forum non conveniens doctrine is appropriate, a reviewing court must balance various public and private factors including:  (1) relative ease and access to sources of proof; (2) availability of compulsory process for obtaining attendance of unwilling witnesses; (3) possibility of a view of the premises (if appropriate); (4) whether the

---

[3]The amendment to M.R.C.P. 82 pertaining to forum non conveniens does not apply to the facts before the Court because the amendment governs *intra*state transfers of venue, and case law still applies to *inter*state transfers of venue.

plaintiff chose an inconvenient forum in Mississippi to vex, harass or oppress the defendant; (5) the burden on Mississippi courts in entertaining the suit; and (6) the local interest in deciding localized controversies at home. ***Metro. Life Ins. Co. v. Aetna Cas. & Sur. Co.***, 728 So. 2d 573, 575-76 (Miss. 1999).

¶12. We find that the four out-of-state plaintiffs should be dismissed. If they are not dismissed, defendants will be forced to travel to California, Georgia and Alabama for discovery, and the cost of this travel will increase the already high cost of litigation. Out-of-state witnesses are beyond the jurisdiction of the state courts and cannot be compelled to testify. Our state has absolutely no local interest in trying the out-of-state plaintiffs' claims.

¶13. A Mississippi court would be forced to apply not only Mississippi law, but also California, Alabama and Georgia law. Four sets of jury instructions would have to be given. The confusion to the jury, not to mention the burden on the court, would be insurmountable.

### CONCLUSION

¶14. Because plaintiffs' claims do not arise out of the same transaction, occurrence or series of transactions or occurrences, we reverse the circuit court's order denying defendants' motion to sever. Because the application of the doctrine of forum non conveniens demands that the out-of-state plaintiffs' claims be heard in another forum, we reverse the circuit court's order denying defendants' motion to dismiss. We remand this case to the Hinds County Circuit Court to (1) based on forum non conveniens, dismiss without prejudice the out-of-state plaintiffs (Bo Blackwell, Dean Poag, Mike Purnell, and Vince Zito); (2) sever the Mississippi plaintiffs' claims; (3) transfer each Mississippi plaintiff's claims to a court where the plaintiff

6

could have brought the suit independently pursuant to M.R.C.P. 82(d); and (4) for further proceedings consistent with this opinion.

¶15.    **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**