# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-01022-SCT

*KARL ALBERT, et al.*

*v.*

*ALLIED GLOVE CORPORATION, et al.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2005 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT GORDON TAYLOR, III |
| | ROBERT A. PRITCHARD |
| | HELEN ELIZABETH SWARTZFAGER |
| ATTORNEYS FOR APPELLEES: | T. HUNT COLE , JR. |
| | THOMAS W. TARDY, III |
| | LAURA DEVAUGHN GOODSON |
| | DOMINIC JOHN OVELLA |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 11/30/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case is before this Court on appeal from the Circuit Court of Jefferson County, Mississippi, by one hundred and two plaintiffs (hereinafter "Albert") who allege they suffered injuries caused by exposure to asbestos. Albert seeks review of the circuit judge's decision to dismiss their claims without prejudice. Albert argues the judge's retroactive application of the change in joinder rules under Miss. R. Civ. P. 20, pursuant to *Janssen*

*Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004) and *Harold's Auto Parts, Inc., v. Mangialardi*, 889 So. 2d 493 (Miss. 2004), was improper.

¶2.     This case was originally filed in the Circuit Court of Jefferson County in September of 2000, on behalf of 259 plaintiffs against approximately 98 defendants, alleging various tort and product liability theories related to the plaintiffs' alleged exposure to asbestos. The following month, an amended complaint was filed, adding three plaintiffs. In October of 2004, a portion of the 97 Defendants filed a motion for relief pursuant to *Mangialardi*. In *Mangialardi*, 889 So. 2d at 495, we found that plaintiffs in an asbestos, mass-tort litigation case, failed to provide sufficient information to justify joinder.  As a result, this Court remanded the case, ordering the trial court to (1) transfer each plaintiff to a court of proper venue and jurisdiction, and (2) dismiss without prejudice the complaint of each plaintiff who failed to provide the court with sufficient information for determining proper venue and jurisdiction. *Id*.

¶3.     In the case at bar, after several motions, hearings, and orders following the defendants' motion for relief pursuant to *Mangialardi*, the trial judge entered an order on April of 2005, dismissing without prejudice Albert's claims.  The judge based his ruling on the fact that Albert is neither a resident of this state nor alleges exposure to asbestos in this state.  Aggrieved,  Albert appeals, assigning four errors to the dismissal without prejudice.

¶4.     We hold that the trial judge did not err in dismissing without prejudice the out-of-state plaintiffs whose causes of action accrued outside of Mississippi.

## ISSUES

I. WHETHER THE CIRCUIT COURT IMPROPERLY APPLIED MISS. R. CIV. P. 20 RETROACTIVELY RESULTING IN SEVERANCE AND DISMISSAL OF THE PLAINTIFFS' CLAIMS.

II. WHETHER THE CIRCUIT COURT FAILED TO PROPERLY APPLY THE DOCTRINE OF FORUM NON CONVENIENS OR TO TAKE MEASURES TO PROTECT THE PLAINTIFFS' CASES FROM DISMISSAL.

III. WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER ARTICLE 3 SECTIONS 14 AND 24 OF THE MISSISSIPPI CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

IV. WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## STANDARD OF REVIEW

¶5.    The standard of review regarding joinder and venue is whether the trial court abused its discretion. *Culbert v. Johnson & Johnson*, 883 So. 2d 550, 552 (Miss. 2004); *Armond*, 866 So. 2d at 1097.

## DISCUSSION

I. WHETHER THE CIRCUIT COURT IMPROPERLY APPLIED MISS. R. CIV. P. 20 RETROACTIVELY RESULTING IN SEVERANCE AND DISMISSAL OF THE PLAINTIFFS' CLAIMS.

¶6.    Albert argues since their claims were already filed when this Court decided *Armond* and *Mangialardi*, the changes to Rule 20 should not have been retroactively applied to their

pending cases. However, this Court has repeatedly held judicially enunciated rules are to be applied retroactively. *See Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (Miss. 2002) ("Retroactive application is not limited to pending appeals . . . . but also applies to cases awaiting trial."); *Anderson v. Anderson*, 692 So. 2d 65, 70 (Miss. 1997) (same); *Estate of Stamper v. Edwards,* 607 So. 2d 1141, 1148 (Miss. 1992) ("[F]amiliar prohibitions on *ex post facto* laws do not preclude the Legislature (or this Court) giving retroactive effect to new enabling, power-conferring rules, or rules of procedure or practice, or new rules of duty and obligation foreshadowed by what had gone before.") (citations omitted). *See Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 546 (5th Cir. 1992) (Similar to this Court's holding, the Fifth Circuit has similarly ruled "to the maximum extent possible, the amended Rules should be given retroactive application.") (quoting *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 823 (5th Cir. 1967)).

¶7.     While Albert concedes this longstanding rule, he cites *Johnson v. Memorial Hospital of Gulfport*, 732 So. 2d 864, 865 (Miss. 1998), for the exception that "application of retroactivity should be balanced with a recognition of possible unfairness where certain events transpired under the former rule." *See Cain v. McKinnon*, 552 So. 2d 91, 92 (Miss. 1989). Albert argues that after five years of filing his complaint, he is now subject to dismissal without the ability to pursue their actions in another forum due to statutes of limitations concerns or changes in law. However, Albert fails to recognize this Court has not hesitated to dismiss plaintiffs' causes of action without prejudice where the plaintiffs were similarly situated as Albert, and four years after the plaintiffs filed suit. *See Amchem Prods.,*

4

*Inc. v. Rogers*, 912 So. 2d 853, 855 (Miss. 2005); *Dillard's, Inc. v. Scott* 908 So. 2d 93, 96 (Miss. 2005)**.**

¶8.    First, it should be made clear that this is not a forum non conveniens case.  Rather, it is simply a Rule 20 joinder issue.  This Court will continue to recognize the precedent of *Armond* and *Mangialardi* and its application to all pending cases in the State of Mississippi, which held plaintiffs may not be joined under Rule 20 unless their claims are connected by a distinct, litigable event.  *Armond*, 866 So. 2d at 1099.  We have made expressly clear by this line of evolving venue and joinder cases that we will no longer tolerate the presence of cases which do not belong in Mississippi.  If we do not apply *Mangialardi* and the other cases, alongside the changes in Rule 20, to pending suits we will strip our trial courts of a valuable tool in guarding the integrity of our court system. Every case filed involving out-of-state litigants with no connection with Mississippi depletes away the judicial resources of this state.

¶9.    In *Amchem Prods., Inc.*, 76 plaintiffs filed suit against 136 defendants, alleging tort and product liability claims for exposure to asbestos.  912 So. 2d at 855.  Of the 76 plaintiffs, only six either lived in Mississippi or alleged exposure to asbestos in this state.  *Id*. at 856.  The defendants filed a motion to sever and transfer, or dismiss the plaintiffs' claims, which the trial judge denied.  *Id*. at 856.  On appeal, this Court held that although the trial judge did not have the benefit of *Armond* and *Mangialardi* at the time he denied the defendants' motion, those decisions still applied to the case on review.  *Id*. at 858.  In finding that *Armond* and *Mangialardi* were controlling, this Court dismissed without prejudice the claims of the remaining 70 out-of-state plaintiffs, who had no connections to Mississippi and

5

whose claims accrued outside the state. ***Id***. at 859. This Court reversed and remanded the trial judge's decision in March of 2005, over four years after the plaintiffs filed their original complaint in February of 2001. ***Id.*** at 855-56.

¶10.    In ***Dillard's, Inc.***, this Court also retroactively applied ***Armond*** and it progeny where the plaintiffs filed suit before this Court issued the ***Armond*** decision. ***Id***. at 96. In ***Scott***, we dismissed without prejudice racial discrimination claims made by out-of-state plaintiffs with no connections to Mississippi and whose causes of action accrued outside of the state. ***Id***. at 94, 98. Morever, the dismissal came over four years after the plaintiffs filed their complaints. ***Id***. at 94.

¶11.    We have also held in ***Canadian National/Illinois Central Railroad v. Smith***, 926 So.2d 839, 846 (Miss. 2006), that plaintiffs' cases that are not properly before the court in Mississippi, either because the plaintiffs are not residents of the State or do not allege exposure or injury in the State, should be dismissed without prejudice, leaving them with the decision to refile in an appropriate venue.

¶12.    Furthermore, as neither Albert nor any of the other Joint Appellants have demonstrated that they will not be able to maintain suits in other jurisdictions, there is no evidence of any alleged unfairness that will result from the application of retroactivity in this case. They have made merely a bold, broad allegation only of such alleged prejudice. Therefore, we find that our recent case law and the changes in Rule 20 must be applied to pending cases, and thus the trial court's ruling which dismissed the plaintiffs' suit without prejudice was correct.

## II. WHETHER THE CIRCUIT COURT FAILED TO PROPERLY APPLY THE DOCTRINE OF FORUM NON CONVENIENS OR TO TAKE MEASURES TO PROTECT THE PLAINTIFFS' CASES FROM DISMISSAL.

¶13. Albert asserts under the doctrine of forum non conveniens, a suitable forum must exist for the plaintiffs to refile their case, and if not, the trial court should issue an order requiring defendants to waive any statute of limitation defenses which could be raised in the alternative forums. *See Shewbrooks v. A.C. & S., Inc.*, 529 So. 2d 557, 562 (Miss. 1988) (holding the doctrine of forum non conveniens cannot be applied to dismiss a case if it is barred elsewhere by a statute of limitations, unless the defendant is willing to waive the statute of limitations defense) (superseded by statute on other grounds as stated in *S. Pac. Transp. Co. v. Fox*, 609 So. 2d 357 (Miss. 1992). According to Albert, the danger is that while the cases were pending in Mississippi, the statute of limitations may have run in a valid alternate jurisdiction.

¶14. Contrary to Albert's position, this case does not turn on the doctrine of forum non conveniens. Rather, the determination of this case clearly falls under Rule 20, *Armond, Mangialardi* and the subsequent line of cases recognizing the dismissal of claims made by out-of-state plaintiffs with no connections to Mississippi and whose causes of action accrued outside of the state. *See* ; *Smith* 926 So.2d at 846; *Amchem*, 912 So. 2d at 859; *Dillard's*, 908 So. 2d at 100. Accordingly, this argument is without merit. We find that the trial court did not err in dismissing plaintiffs' claims for the reasons discussed above in Issue I.

## III. WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER ARTICLE 3 SECTIONS 14 AND 24 OF THE MISSISSIPPI CONSTITUTION AND THE

7

**FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

¶15.    Albert argues that his constitutionally-afforded right to due process, under both the Mississippi and federal constitutions, was violated by the trial court's dismissal of his claims. This appears to be based on two arguments: first, that the "Plaintiffs filed their suits properly under Mississippi law and in reliance on the Courts of Mississippi at the time of filing," and that "by the Court's order severing and dismissing Plaintiffs' causes of action based solely on a change in the rules of procedure and not on the merits of the cases, the plaintiffs have suffered the loss of inherent rights . . . ." Citing *Garrett v. Gay*, 394 So. 2d 321, 322-23 (Miss. 1981), Albert also argues that personal injury claims are property rights and dismissal had caused them to suffer the loss of these rights.

¶16.    To analyze the argument of whether there was a due process violation, we must determine whether Albert was deprived of something in which he held a protected interest; if he was, we must determine what type of process he was entitled to receive before the deprivation occurred. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428; 102 S. Ct. 1148, 1153-54; 71 L. Ed. 2d 265, 273 (1982). It is without question that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause" of the federal constitution. *Id.* at 428. Further, "[t]he [Supreme] Court traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances." *Id.* at 429.

¶17. However, Albert has not yet demonstrated that he was been deprived of his property interest in his lawsuit. While the suit may have been dismissed without prejudice from a Mississippi court, neither Albert nor the other Joint Plaintiffs have shown that they have attempted to file in another jurisdiction and been barred from doing so. Therefore, we simply do not know if there has been a deprivation.

¶18. If there has been a deprivation, we must then analyze whether Albert received due process. "[T]he Fourteenth Amendment's Due Process Clause has been interpreted as preventing the States from denying potential litigants use of established adjudicatory procedures, when such an action would be the equivalent of denying them an opportunity to be heard upon their claimed rights." *Id.* at 429-30 (internal quotation, citation, and alteration omitted). Ultimately, "the Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged," and therefore "some form of hearing is required before the owner is finally deprived of a protected property interest." *Id*. at 433 (internal quotation & citation omitted).

¶19. In the case at hand, and despite Albert's arguments to the contrary, there was ample due process. Indeed, counsel for Albert extensively briefed the trial court on the merits of their argument. They also received the benefit of three separate hearings before the trial judge regarding the various intricacies of the case: one on October 15, 2004, one on February 7, 2005, and one on March 28, 2005.

¶20. Even if Albert demonstrated a deprivation, this was more than sufficient due process. Accordingly, we find no merit to this argument.

**IV. WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

¶21. Finally, for the first time on appeal, Albert argues the dismissal of his claims violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, which forbids states to "make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." Albert is not entitled to raise this new issue on appeal, since doing so prevents the trial court from first having the opportunity to address this error. *Crowe v. Smith*, 603 So. 2d 301, 305 (Miss. 1992); *Cooper v. Lawson*, 264 So. 2d 890, 891 (Miss. 1972). Since the record does not reflect that the Albert presented this argument at the trial court level, Albert is barred from raising this issue on appeal. *Purvis v. Barnes*, 791 So. 2d 199, 202 (Miss. 2001); *Chassaniol v. Bank of Kilmichael*, 626 So. 2d 127, 133-34 (Miss. 1993).

¶22. However, for the sake of argument, we will discuss the merits of Albert's claim. Albert's argument is based upon the concept that the citizens of other states should have equal access to bring lawsuits in Mississippi, and that by retroactively applying changes in Rule 20, we have deprived these litigants of their right to access to the courts of this state.

¶23. In support thereof Albert provides only one citation: *Minn. v. Clover Leaf Creamery Co.*, 449 U.S. 456, 470 n.12, 101 S. Ct. 715, 727, 66 L. Ed. 2d 659, 673 (1981). However, it is unclear what this case—involving a state statute regulating the sale of milk in Minnesota—has to do with the present issue, as it involved the Commerce clause and the

Due Process clause components of the Fourteenth Amendment, and Albert's brief provides no guidance.

¶24. The right of access to courts has a extensive and significant presence in American jurisprudence. *See generally **Ryland v. Shapiro***, 708 F.2d 967, 971-72 (5th Cir. 1983) (finding it "clear that the [Supreme] Court viewed the right of access to the courts as one of the privileges and immunities accorded citizens under article 4 of the Constitution and the fourteenth amendment" as well as the First Amendment). Despite this lofty tradition, state and federal courts are not compelled to hear every single claim that a litigant wishes to bring; our courts are restrained by jurisdictional requirements. Albert has not offered any reason why his case should be fixed in the Mississippi court system other than he filed it here originally. It has absolutely no place in our court system in light of the changes in precedent and Rule 20.

¶25. Albert has not demonstrated that our refusal to hear claims over which we have no jurisdiction has deprived him of access to a court in another jurisdiction. Nor has Albert demonstrated any concrete reason why the action should be maintained in Mississippi. Accordingly, there is no constitutional violation.

¶26. Today's decision is consistent with our recent holdings in ***Dillard's***, 908 So. 2d at 100; ***Amchem***, 912 So. 2d at 859; ***Smith*** 926 So.2d at 846, where this Court directed claims of non-resident plaintiffs with no connection to the State of Mississippi to be dismissed without prejudice.

### CONCLUSION

11

¶27.    For the reasons stated above, this Court finds the out-of-state plaintiffs whose causes of action accrued outside of Mississippi should be dismissed without prejudice. The judgment of the Circuit Court of Jefferson County, Mississippi, is affirmed.

¶28.    **AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY GRAVES, J. RANDOLPH, J., NOT PARTICIPATING.**

**DIAZ, JUSTICE, DISSENTING:**

¶29.    In this case the majority adopts an extreme minority stance on the forum non conveniens doctrine. Because the majority parts with United States Supreme Court precedent, all federal courts, over a dozen state jurisdictions,[1] and overturns our previous caselaw regarding forum non conveniens, I must respectfully dissent. The plaintiffs argued that the trial court failed to ensure that an alternate forum suitable for their claims existed when ordering their case dismissed without prejudice. The obvious danger is that while the cases were pending in Mississippi, the statute of limitations may have run in a valid alternate jurisdiction.

¶30.    The majority dismisses this argument, reasoning that "this is not a forum non conveniens case," but "simply a Rule 20 joinder issue." The complexity of this case, and the current state of our mass tort system, is not as "simple" as the majority would wish it.

---

[1] In addition to the federal courts, California, Colorado, Connecticut, District of Columbia, Illinois, Kansas, Maine, Michigan, Missouri, New Hampshire, New Mexico, North Carolina, and Pennsylvania all require that a suitable alternate jurisdiction be available before a transfer due to forum non conveniens will be granted.

¶31. Recent decisions of this Court have mandated dismissal without prejudice as a result of forum non conveniens. *See Amchem Prods. v. Rogers*, 912 So. 2d 853, 859 (Miss. 2005)("The out-of-state Plaintiffs with no connection to the State of Mississippi and whose causes of action accrued out of state should be dismissed without prejudice based upon forum non-conveniens"); *Illinois Cent. R.R. v. Gregory*, 912 So. 2d 829, 836-37 (Miss. 2005); *State Farm Mut. Auto. Ins. Co. v. Murriel*, 904 So. 2d 112, 116 (Miss. 2004). In those cases we did not address the possible statute of limitations problems with refiling cases, instead focusing on clarifying the principles of venue and joinder in our state courts. It is longstanding precedent in this state and in the federal courts that the transfer of a case based upon the doctrine of forum non conveniens first requires another appropriate forum.

¶32. The seminal examination of the doctrine can be found in *Shewbrooks v. A.C. & S.*, Inc., 529 So. 2d 557, 561 (Miss. 1988).[2] The case explained that "'[t]he doctrine of forum non conveniens presupposes . . . [that] there is *at least one forum other* than the forum chosen where the plaintiff may bring his cause of action, and it is necessary the trial court determine such other forum is available.'" *Id.* at 561 (*quoting Zurick v. Inman*, 221 Tenn. 393, 426 S.W.2d 767, 771 (1968)) (emphasis added); *see also* Restatement (second) of Conflict of Laws, § 84 Comment C ("the action will not be dismissed unless a suitable alternative forum is available to the plaintiff"). The Court then looked to the United States Supreme Court for further information regarding the doctrine, determining ultimately that

---

[2] *Shewbrooks* has been superceded in part by statute and other acts of the Legislature. The discussion of the doctrine of forum non conveniens in *Shewbrooks* is not impacted by the changes in the statutes of limitation and venue laws.

13

"'[i]n all cases in which the doctrine of forum non conveniens comes into play, it *presupposes at least two forums* in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them.'" ***Id.*** at 562 (*quoting **Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 506-07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)) (emphasis added).[3]

¶33.    Simply put, the doctrine means that "[a] state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff." ***Id.*** at 561 (emphasis added); ***Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co.***, 728 So. 2d 573, 577 (Miss. 1999) (same).  Initially, the trial court must determine that there is another forum where the action may be brought.  *See **Piper Aircraft Co. v. Reyno***, 454 U.S. 235, 255 n.22, 102 S.Ct. 252, 70 L.Ed. 2d 419 (1981) ("At the *outset* of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum . . . Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction") (emphasis added, citation omitted); ***Alpine View Co. v. Atlas Copco AB***, 205 F.3d 208, 221 (5th Cir. 2000) ("A court facing a motion to dismiss for forum non conveniens *must first assess* whether an alternate forum is both available and adequate") (emphasis added); ***Delfosse v. C.A.C.I., Inc.-Federal***, 218 Cal. App. 3d 683, 690 (Cal. Ct. App. 1990) ("the general rule is that unless there is an alternative forum, a motion to dismiss based upon an inconvenient forum argument shall not

---

[3] ***Gulf Oil*** was later superseded by statute; 28 U.S.C. § 1404(a) now governs transfer between venues.  *See **Quackenbush v. Allstate Ins. Co.***, 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed. 2d 1 (1996) (the only modern application of federal common law regarding forum non conveniens is where the alternative forum is outside the federal court system).

be granted”); ***Binder v. Shepard’s Inc.***, 133 P.3d 276, 279-80 (Okla. 2006) (“the existence of a viable alternate forum is a prerequisite to the application of the doctrine of forum non conveniens”).

¶34.   It may also be required at this initial stage to determine if the statute of limitations has run in the more appropriate fora.  This is because “there is one classic instance when the doctrine of forum non conveniens will *never* be applied, and that is to dismiss a case if it is barred elsewhere by a statute of limitations, unless or until the defendant is willing to stipulate that he will waive the statute of limitation defense.” ***Shewbrooks***, 529 So. 2d at 562 (emphasis added).

¶35.   Despite this “classic” rule, the majority continues to focus upon Rule 20, which has been altered drastically in the past years.  Because we have continually failed to craft a clear and understandable doctrine regarding joinder, we have have had to repeatedly tinker with our precedent and the rule, resulting in a tangled and convoluted doctrine that no trial court can adequately apply.  Joinder was broken pre-***Armond***, and it remains broken today, a tangled web of clashing precedent and theory.

¶36.   In the case at hand, the best and equitable result would be to hold that the existence of a viable alternate forum is a prerequisite to the application of the doctrine of forum non conveniens.  If a viable alternate forum appears to be barred due to the statute of limitations, a trial court should condition an order granting dismissal due to forum non conveniens on the defendant’s waiver of the statute of limitations.  *See* Restatement (second) of Conflict of Laws, § 84, Comment E (“a court which finds itself to be an inappropriate forum under the rule of this Section must dismiss the action outright, or do so conditionally (as by requiring

15

that the defendant stipulate to accept service of process and not plead the statute of limitations in some second state that is deemed a more convenient forum)").

¶37. This result preserves both the rights of the defendants seeking a dismissal due to forum non conveniens, as they receive a transfer to a more appropriate jurisdiction, and the rights of the plaintiffs in maintaining their suit. Because the majority today refuses to choose this sound and well-traveled path, I must respectfully dissent.

**GRAVES, J., JOINS THIS OPINION IN PART.**