# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-01038-SCT

*DAVID COLEMAN, JASPER DENSON, WILLIAM
ELM, JAMES LEE GILL, JAMES F. MCGOWAN
AND WILLIAM MULLIGAN*

*v.*

*A-BEX CORPORATION., et al.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/22/2005 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT GORDON TAYLOR, III |
| | ROBERT A. PRITCHARD |
| | HELEN E. SWARTZFAGER |
| ATTORNEYS FOR APPELLEES: | T. HUNT COLE, JR. |
| | THOMAS W. TARDY, III |
| | LAURA DEVAUGHN GOODSON |
| | EDWIN S. GAULT |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 11/30/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. This case is before this Court on appeal from the Circuit Court of Jefferson County, Mississippi, by plaintiffs (hereinafter "Coleman") who allege they suffered injuries caused by exposure to asbestos. This appeal began after the trial court severed the claims of plaintiffs in an asbestos case. The claims of plaintiffs in the action who were residents of Mississippi, or who alleged exposure to asbestos in the state, were transferred to the circuit court in the

county where each plaintiff lived or claimed exposure to asbestos. Additionally, the claims of the six plaintiffs who were neither residents of the state of Mississippi nor claimed exposure to asbestos within the state were dismissed without prejudice.

¶2. Concerned about their ability to maintain suit in other jurisdictions, these six persons filed this appeal. They assign four errors to the dismissal without prejudice. Restated, and placed in logical order, they ask:

**I** **WHETHER THE CIRCUIT COURT IMPROPERLY APPLIED MISS. R. CIV. P. 20 RETROACTIVELY RESULTING IN SEVERANCE AND DISMISSAL OF THE PLAINTIFFS' CLAIMS.**

**II.** **WHETHER THE CIRCUIT COURT FAILED TO PROPERLY APPLY THE DOCTRINE OF FORUM NON CONVENIENS OR TO TAKE MEASURES TO PROTECT THE PLAINTIFFS' CASES FROM DISMISSAL.**

**III.** **WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER ARTICLE 3 SECTIONS 14 AND 24 OF THE MISSISSIPPI CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

**IV.** **WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

¶3. We hold that the trial judge did not err in dismissing without prejudice the out-of-state plaintiffs whose causes of action accrued outside of Mississippi.

### FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶4. This case was originally filed on February 4, 2000, with eleven plaintiffs and 77 defendants. On October 12, 2004, Laurel Machine & Foundry Company filed a Motion to Dismiss predicated upon our order in *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d

2

493 (Miss. 2004), alleging that the "[t]he complaint fail[ed] to include basic information required by *Mangialardi*, and the complaint fail[ed] to meet the standards required by *Mangialardi*." The plaintiffs responded that *Mangialardi* should not be applied retroactively, and that property rights and access to the courts under the Mississippi Constitution of 1890 were at risk; they also raised due process and equal protection concerns.

¶5. The trial court ordered that the plaintiffs produce *Mangialardi*-compliant information in database form as to each plaintiff; specifically, their name, county and state of residence, county and state of alleged exposure, county of residence of a Mississippi defendant (if relevant), and whether the plaintiff should be dismissed for lack of jurisdiction and venue or where the case should be transferred. This information would be used to transfer the plaintiffs to proper venues.

¶6. Over the next weeks, the plaintiffs began to produce the information required by the order, which in many cases demonstrated that the plaintiff had no connection with the state of Mississippi. For instance, plaintiff David Coleman is a resident of McKeesport, Pennsylvania, who alleged he was exposed to asbestos in Duquesna, Pennsylvania. The plaintiffs continued to insist that venue in a Mississippi jurisdiction was still proper.

¶7. On April 29, 2005, the trial court entered a subsequent order which held that it would "comply with the Mississippi Supreme Court's recent rulings with regard to subject matters" like the one at hand, and ordered the claims of six plaintiffs dismissed without prejudice. Those plaintiffs appealed to this Court from the order dismissing their case. It is not contested

3

that the six plaintiffs are not residents of Mississippi and do not allege exposure to asbestos in this State.[1]

## STANDARD OF REVIEW

¶8. In cases regarding joinder and venue, including cases where the severance of plaintiffs is at issue, we review to determine if the trial court abused discretion in its rulings. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1095 (Miss. 2004).

## DISCUSSION

**I.     WHETHER THE CIRCUIT COURT IMPROPERLY APPLIED MISS. R. CIV. P.  20 RETROACTIVELY RESULTING IN SEVERANCE AND DISMISSAL OF THE PLAINTIFFS' CLAIMS.**

¶9. Coleman argues that this case was properly filed in 2000, and that the amendments in the substance and comment of Rule 20 in 2004 should not be applied retroactively as to effect their case.  Coleman also argues that the application of the post-2004 line of cases dealing with venue and joinder, including *Armond*, the various other *Janssen Pharmaceutica* cases, and the *Mangialardi* order should not be applied retroactively.

¶10. First, it should be made clear that this is not a forum non conveniens case.  This is simply a Rule 20 joinder issue, which the Court has already addressed in *Albert v. Allied Glove Corp.*, No. 2005-CA-01022-SCT (Miss. 2006).  In *Albert,* this Court mandated that the changes in Rule 20 must be applied to pending cases.  We made expressly clear that we will continue to recognize the precedent of *Armond* and *Mangialardi* and its application to all pending cases in the State of Mississippi, which held plaintiffs may not be joined under Rule

---

[1] The Plaintiffs hail from Pennsylvania, West Virginia, Oklahoma, and Texas.

20 unless their claims are connected by a distinct, litigable event. *Armond*, 866 So. 2d at 1099. Furthermore, this Court has consistently held that the trial judge did not err in dismissing without prejudice the claims of out-of-state plaintiffs whose causes of action accrued outside of Mississippi. *See Albert* ; *Amchem Prods., Inc. v. Rogers*, 912 So. 2d 853, 855 (Miss. 2005); *Dillard's, Inc. v. Scott* 908 So. 2d 93, 96 (Miss. 2005)*.* Therefore, we find the trial court's ruling to dismiss the plaintiffs' suit without prejudice was correct.

## II. WHETHER THE CIRCUIT COURT FAILED TO PROPERLY APPLY THE DOCTRINE OF FORUM NON CONVENIENS OR TO TAKE MEASURES TO PROTECT THE PLAINTIFFS' CASES FROM DISMISSAL.

¶11. Coleman and the other five plaintiffs argue that the trial court failed to ensure that an alternate forum suitable for their claims existed when ordering their case dismissed without prejudice. According to Coleman, the danger is that while the cases were pending in Mississippi, the statute of limitations may have run in a valid alternate jurisdiction. To cure this possible problem, Coleman argues that the defendants should be required to waive the statute of limitations for the time period the cases were on file in Mississippi.

¶12. However, Coleman's reliance on the doctrine of forum non conveniens is misplaced. In addressing this same issue in *Albert,* we held that the determination of this joinder issue clearly falls under Rule 20, *Armond, Mangialardi* and the subsequent line of cases recognizing the dismissal of claims made by out-of-state plaintiffs with no connections to Mississippi and whose causes of action accrued outside of the state. Accordingly, this argument is without merit. We find that the trial court did not err in dismissing plaintiffs' claims for the reasons discussed above in Issue I.

5

**III. WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER ARTICLE 3 SECTIONS 14 AND 24 OF THE MISSISSIPPI CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

¶13. Coleman also argues the circuit judge's dismissal violates their due process rights under Article 3, Section 14 of the Constitution of this state as well as the Fourteenth Amendment of the United States Constitution. Citing *Garrett v. Gay*, 394 So. 2d 321, 322-23 (Miss. 1981), Coleman argues that his personal injury claims are property rights and dismissal had caused him to suffer the loss of these rights. However, Coleman does not cite to any cases in support of his position that, by retroactive application of the amended Rule 20 and emerging case law, his rights to due process have been violated. Nor does Coleman offer support for his statement that neither he nor the other 158 Joint Appellants can ever file a claim in another court based upon the facts in this case.

¶14. Coleman has not yet demonstrated that he was been deprived of his property interest in his lawsuit. While the suit may have been dismissed without prejudice from a Mississippi court, neither Coleman nor the other 158 Joint Appellants have shown that they have attempted to file in another jurisdiction and been barred from doing so. Therefore, we do not know if there has been a deprivation.

¶15. Despite Coleman's arguments to the contrary, there was ample due process. Indeed, counsel for Coleman extensively briefed the trial court on the merits of their argument. They also received the benefit of three separate hearings before the trial judge regarding the various intricacies of the case; one on October 15, 2004, one on February 7, 2005, and one on March

28, 2005. Even if Coleman demonstrated a deprivation, this was more than sufficient due process. We find that this argument is without merit.

### IV. WHETHER THE CIRCUIT COURT VIOLATED THE PLAINTIFFS' RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

¶16. Coleman argues that the dismissal of his lawsuit may violate the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, which forbids states to "make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." This argument is based upon the concept that the citizens of other states should have equal access to bring lawsuits in Mississippi, and that by retroactively applying changes in Rule 20, we have deprived these litigants of their right to access to the courts of this state. In support thereof Coleman provides only one citation: *Minn. v. Clover Leaf Creamery Co.*, 449 U.S. 456, 470 n.12, 101 S. Ct. 715, 66 L. Ed. 659 (1981). However, it is unclear what this case—involving a state statute regulating the sale of milk in Minnesota—has to do with the present issue, as it involved the Commerce Clause and the Due Process clause of the Fourteenth Amendment. Coleman has not demonstrated that our refusal to hear claims over which we have no jurisdiction has deprived him of access to a court in another jurisdiction. Further, Coleman has not offered any reason as to why his case should be fixed in the Mississippi.

¶17. Today's decision is consistent with our recent holdings in *Albert, Dillard's*, 908 So. 2d at 100; *Amchem*, 912 So.2d at 859; and *Smith* 926 So.2d at 846, where this Court directed

7

claims of non-resident plaintiffs with no connection to the State of Mississippi to be dismissed without prejudice.

## CONCLUSION

¶18.    For the reasons stated above, this Court finds the out-of-state plaintiffs whose causes of action accrued outside of Mississippi should be dismissed without prejudice.    The judgment of the Circuit Court of Jefferson County, Mississippi, is affirmed.

¶19.    **AFFIRMED.**

    **WALLER, P.J., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR.    DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.  COBB, P.J., AND RANDOLPH, J., NOT PARTICIPATING.**

    **DIAZ, JUSTICE, DISSENTING:**

¶20.    For the same reasons I set forth in my dissent to ***Albert v. Allied Glove Corp.***, __ So. 2d __ (Miss. Nov. 30, 2006), No. 2005-CA-01022-SCT, I am compelled to respectfully dissent.    I continue to be concerned about our treatment of Rule 20.    In the nearly three years since our ruling in ***Janssen Pharmaceutica, Inc. v. Armond***, 866 So. 2d 1092 (Miss. 2004), we have continually failed to craft a clear and understandable doctrine regarding joinder despite our repeated tinkering with our precedent and the language of the rule itself.

¶21.    This piecework has resulted in a tangled and convoluted doctrine that no trial court can adequately apply.    This confusion also creates a constant stream of fresh challenges on appeal, wasting judicial resources time and again as we must constantly reassess the doctrine.    Joinder was broken pre-***Armond***, and it remains broken today, a tangled web of clashing precedent and theory.

8

¶22. In the case at hand we might have invoked a predictable and well-thought out doctrine adopted by many state courts and the federal courts to deal with misfiled cases. Forum non convienens could be employed by trial courts to separate misjoined claims, reducing the need for extensive *Mangialardi*-based discovery. This would have two immediate effects: first, it would reduce the massive burden on our trial courts, who are still grappling with what to do with hundreds, and possibly thousands, of pre-2004 claims by litigants with no connection to Mississippi. No extensive hearings or orders would be needed–only a defendant willing to file a motion that another venue is more convenient. Secondly, the parties would avoid the tremendous time and money cost of compiling *Mangialardi*-compliant discovery, after which our trial courts must stand as gatekeepers, scrutinizing lengthy spreadsheets to ascertain if potential litigants have connections with Mississippi.

¶23. In the post-*Armond* years in Mississippi, we still have not adequately addressed what constitutes joinder in Mississippi, and despite extensive symposia, debates, and thoughtful contemplation, we seem no closer today in adopting a class action or class action-like rule by which our trial courts could navigate cases with multiple plaintiffs. *See **Janssen Pharmaceutica, Inc. v. Armond***, 866 So. 2d 1092, 1102-04 (Miss. 2004) (Graves, J., specially concurring); Deborah J. Challener, Foreward: *Love It or Leave It; An Examination of the Need for and Structure of a Class Action Rule in Mississippi*, 24 Miss. C.L. Rev. 145 (2005); David Rosenberg & John Scanlon, *Class Actions: To Be or Not to (b)(3)?*, 24 Miss. C.L. Rev. 153 (2005); along with several other recent articles (indeed, an entire issue of the *Mississippi College Law Review* was dedicated to a scholarly examination of the pros and cons of a class action rule in Mississippi).

¶24. Our state constitution requires that "[a]ll courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." Miss. Const. art. 3, § 24. Our ongoing failure to preserve access to our courts deprives Mississippi citizens of their constitutionally-guaranteed rights and also overburdens our appellate and trial courts while overburdening the Bar.

¶25. There are innovative and sometimes even basic solutions we could use to correct these problems and return to the mandate of our constitution, but the majority continues to decline to do so. Accordingly, I must respectfully dissent.

**GRAVES, J., JOINS THIS OPINION**.