¶ 20. For the same reasons I set forth in my dissent toAlbert v. Allied Glove Corp., No. 2005-CA-01022-SCT,944 So.2d 1, 2006 WL 3437801 (Miss. Nov. 30, 2006), I am compelled to respectfully dissent. I continue to be concerned about our treatment of Rule 20. In the nearly three years since our ruling in Janssen Pharmaceutica, Inc. v. Armond,866 So.2d 1092 (Miss. 2004), we have continually failed to *Page 702 
craft a clear and understandable doctrine regarding joinder despite our repeated tinkering with our precedent and the language of the rule itself.
 ¶ 21. This piecework has resulted in a tangled and convoluted doctrine that no trial court can adequately apply. This confusion also creates a constant stream of fresh challenges on appeal, wasting judicial resources time and again as we must constantly reassess the doctrine. Joinder was broken pre-Armond, and it remains broken today, a tangled web of clashing precedent and theory.
 ¶ 22. In the case at hand we might have invoked a predictable and well-thought out doctrine adopted by many state courts and the federal courts to deal with misfiled cases. Forum non convienens could be employed by trial courts to separate misjoined claims, reducing the need for extensive Mangialardi-based discovery. This would have two immediate effects: first, it would reduce the massive burden on our trial courts, who are still grappling with what to do with hundreds, and possibly thousands, of pre-2004 claims by litigants with no connection to Mississippi. No extensive hearings or orders would be needed-only a defendant willing to file a motion that another venue is more convenient. Secondly, the parties would avoid the tremendous time and money cost of compiling Mangialardi-compliant discovery, after which our trial courts must stand as gatekeepers, scrutinizing lengthy spreadsheets to ascertain if potential litigants have connections with Mississippi.
 ¶ 23. In the post-Armond years in Mississippi, we still have not adequately addressed what constitutes joinder in Mississippi, and despite extensive symposia, debates, and thoughtful contemplation, we seem no closer today in adopting a class action or class action-like rule by which our trial courts could navigate cases with multiple plaintiffs. See JanssenPharmaceutica, Inc. v. Armond, 866 So.2d 1092, 1102-04
(Miss. 2004) (Graves, J., specially concurring); Deborah J. Challener, Foreward: Love It or Leave It; An Examination ofthe Need for and Structure of a Class Action Rule inMississippi 24 Miss. C. L.Rev. 145 (2005); David Rosenberg John Scanlon, Class Actions: To Be or Not to(b)(3)?, 24 Miss. C. L.Rev. 153 (2005); along with several other recent articles (indeed, an entire issue of theMississippi College Law Review was dedicated to a scholarly examination of the pros and cons of a class action rule in Mississippi).
 ¶ 24. Our state constitution requires that "[a]ll courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." Miss. Const, art. 3, § 24. Our ongoing failure to preserve access to our courts deprives Mississippi citizens of their constitutionally-guaranteed rights and also overburdens our appellate and trial courts while overburdening the Bar.
 ¶ 25. There are innovative and sometimes even basic solutions we could use to correct these problems and return to the mandate of our constitution, but the majority continues to decline to do so. Accordingly, I must respectfully dissent.
 GRAVES, J., JOINS THIS OPINION. *Page 703