889 So.2d 493 (2004)
HAROLD'S AUTO PARTS, INC., et al., Petitioners,
v.
Flower MANGIALARDI, et al., Respondents.
No. 2004-IA-01308-SCT.
Supreme Court of Mississippi.
August 26, 2004.
Rehearing Denied October 21, 2004.

ORDER
SMITH, Chief Justice.
This matter is before the Court, en banc, on the Petition for Permission to Appeal From an Interlocutory Order and Motion for Stay filed by counsel for Petitioners. Also before the Court is the response and supplemental response filed by counsel for Respondents. Petitioners seek to appeal an interlocutory order of the Circuit Court of Bolivar County, Mississippi, which denied petitioners' motion to sever filed therein.
After due consideration, the Court finds that the petition for interlocutory appeal is well taken and should be granted. The Court further finds that no further briefing is needed, and we shall proceed to a consideration of the merits.
This interlocutory appeal concerns joinder of multiple plaintiffs in an asbestos, mass tort litigation case. This matter is controlled by Janssen Pharmaceutical, Inc. v. Armond, 866 So.2d 1092 (Miss.2004). Even though asbestos litigation is, indeed, a "mature tort," as discussed in dicta in Armond, this Court did not intend in that case, and we shall not proceed here, to exempt asbestos cases from the requirements of Rule 20, of the Mississippi Rules of Civil Procedure.
*494 The case before us has endured seven amended complaints, and now involves the claims of 264 plaintiffs against 137 named defendants who have identified approximately 600 different employers where asbestos exposure might have taken place. Approximately 220 of the plaintiffs are unable to identify any employment within the state of Mississippi. The complaint provides virtually no helpful information with respect to the claims asserted by the individual plaintiffs. We are provided the following allegations and information regarding the plaintiffs:
1. names and social security numbers;
2. they are resident citizens of the State of Mississippi, or other states of the United States, or are personal representatives or wrongful death beneficiaries of deceased plaintiffs (we are not told which plaintiffs are citizens and which are representatives or beneficiaries);
3. they were exposed to asbestos products which were "mined, designed, specified, evaluated, manufactured, packaged, furnished, supplied and/or sold" by defendants during "all or part of the period 1930 through the present" (we are not told which plaintiffs were exposed to which products manufactured by which defendants; nor are we told when any particular plaintiff was exposed during the seventy-five year period);
In essence, we are told that 264 plaintiffs were exposed over a 75-year period of time to asbestos products associated with 137 manufacturers in approximately 600 workplaces. We are not told which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time. We do not suggest that this lack of basic information is the result of recalcitrance on the part of plaintiffs' counsel; perhaps plaintiffs' counsel has not furnished the information.
Defendants have strenuously objected to the failure and/or refusal of plaintiffs' to provide the information. They point out that it is impossible to argue to the trial court that joinder was improper, because they aren't provided basic information about each of the plaintiffs. Curiously, rather than filing a motion for more definite statement, or to dismiss, defendants' simply seek the information "as soon as practicable." The defendant's further argue that Rule 20 requires the disclosure to be made.
The position stated by plaintiffs is that defendant's do not need the information right now, since there apparently is a plan to try the cases, one at a time.
We find that all have missed the mark. This matter should not be before us because of a failure to comply with Rule 20, but rather because of an abuse of, and failure to comply with, Rules 8, 9, 10 and 11. What is referred to as "core information" and "disclosure" is basic information which should be known to plaintiffs' counsel prior to filing the complaint, not information to be developed in discovery or disclosure. The information should have been included in the complaint.
Complaints should not be filed in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action. Absent exigent circumstances, plaintiffs' counsel should not file a complaint until sufficient information is obtained, and plaintiffs' counsel believes in good faith that each plaintiff has an appropriate cause of action to assert against a defendant in the jurisdiction where the complaint is to be filed. To do otherwise is an abuse of the system, and is sanctionable. See Miss. R. Civ. P., Rule 11.
*495 Rule 20 allows joinder only where the plaintiffs make certain assertions which demonstrate the matters set out in the rule. In this regard, plaintiffs have wholly failed. Indeed, plaintiffs have not even attempted to provide the information. They presume that they are entitled to proceed with their suit, as filed, and they will demonstrate later that joinder is proper. We can only presume from the record before us that plaintiff take this course because they don't know whether or not joinder is appropriate. This is so, apparently, because they don't know the claims of each plaintiff. They don't appear to know when they were exposed, where they were exposed, by whom they were exposed, or even if they were exposed. Presumably, when they learn this information, plaintiffs' counsel intends to dismiss those who should not have been joined. This is a perversion of the judicial system unknown prior to the filing of mass-tort cases.
We must point out that not all cases involving multiple plaintiffs and/or defendants which have come before this Court appear to have been filed in this manner. We note cases where counsel for the plaintiffs appear to have interviewed each plaintiff, investigated their claims, and developed information necessary to file a complaint on their behalf.
But here, not only have plaintiffs failed to furnish their counsel the necessary information to file the complaint, but plaintiff's counsel continues to resist furnishing to defendants and the court.
Incredibly, plaintiffs asked the trial court to set aside its order of certification for interlocutory appeal, claiming they got no notice of the motion, and that "[p]laintiffs were never afforded any of their constitutional rights of due process to contest such a motion." This complaint comes to us from plaintiffs who, more than three years ago, filed suit against 137 defendants; who have amended their complaint six times; and who are apparently unable to explain to the trial court, this Court, or to the defendants, exactly who each plaintiff has sued, and why.
We hereby reverse the trial court's June 23, 2004, Order, insofar at it denies the plaintiffs' motion to sever, and we order severance as to each plaintiff. We hold that plaintiffs have wholly failed in their obligation to assert sufficient information to justify joinder and, accordingly, this matter is remanded to the trial court for a transfer of each plaintiff to an appropriate court of venue and jurisdiction, where known. The trial court is hereby directed to dismiss, without prejudice, the complaint of each plaintiff who fails, within forty-five days of the date of this Order, to provide the defendants and trial court with sufficient information for such determination, and transfer if warranted. Such information must include, at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure.
IT IS THEREFORE ORDERED that the Petition for Interlocutory Appeal by Permission filed by counsel for petitioners is hereby granted.
IT IS FURTHER ORDERED that this matter is hereby remanded to the Circuit Court of Bolivar County, Mississippi, for entry of an order granting the petitioners' motion to sever in accordance with the provisions of this Order.
IT IS FURTHER ORDERED that the Circuit Court of Bolivar County shall dismiss, without prejudice, each plaintiff who fails to provide the defendants and the court, within forty-five days of the date of this Order, with sufficient information as specified herein which allows the trial *496 court to determine the appropriate court for transfer.
IT IS FURTHER ORDERED that Respondents are taxed with all costs of this appeal.
SO ORDERED
TO GRANT: SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND DICKINSON, JJ.
TO DENY: EASLEY. J.
NOT PARTICIPATING: DIAZ AND RANDOLPH, JJ.