# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01406-SCT

*ILLINOIS CENTRAL RAILROAD COMPANY*

*v.*

*LONNIE ADAMS, JR., ET AL.*

| | |
|---|---|
| ATTORNEYS FOR APPELLANT: | GLENN F. BECKHAM |
| | LONNIE D. BAILEY |
| | EDWARD BLACKMON, JR. |
| | FRANK JONES |
| ATTORNEYS FOR APPELLEE: | WILLIAM R. GUY |
| | THOMAS W. BROCK |
| DISPOSITION: | PETITION GRANTED;  REVERSED AND REMANDED WITH INSTRUCTIONS - 03/02/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    The plaintiffs in this mass tort case allege Illinois Central Railroad (the "Railroad") is liable pursuant to the Federal Employers Liability Act, 45 U.S.C. §§ 51 *et seq.*, for negligently exposing them to various toxic substances.   The Railroad claims the plaintiffs are improperly joined and the complaint does not comply with minimum notice pleading requirements.   The Railroad further contends the trial court should not have ordered it to submit to discovery until the joinder and pleading issues are resolved.

**BACKGROUND FACTS AND PROCEEDINGS**

¶2. On August 20, 2004, forty-seven plaintiffs filed suit against Illinois Central Railroad Company alleging it violated the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*. The gravamen of the complaint is that the Railroad negligently exposed the plaintiffs to numerous hazardous materials. The complaint's only reference to where this alleged negligent exposure took place is found in paragraph 10, which states in pertinent part: "Plaintiffs charge that the Illinois Central Railroad Company and/or its predecessors, through its agents and employees, exposed Plaintiffs, Plaintiff's decedent and other employees at its yards, and shops, tracks, or other facilities, equipment and locomotives . . . ." We are not told where these yards, shops, tracks or other facilities are located.

¶3. After learning the Railroad had begun an asbestos abatement project on approximately 70 of its locomotives, Plaintiffs filed a motion on May 5, 2005, seeking a court order allowing their agent to be present and observe the project. Plaintiffs' motion further sought authority to take pictures of the project and obtain samples of the materials being removed from the locomotives. The Railroad responded by asserting that the plaintiffs "failed to follow Mississippi law regarding multi-plaintiff joinder and proper venue. . . ." In resisting the motion for inspection, the Railroad requested that the trial court "set a hearing on [the Railroad's] Motion to Dismiss and Alternative Motion to Sever and Transfer."

¶4. Following a hearing, the trial court ordered the Railroad to allow the inspection but refused to take up the Railroad's motion regarding venue and joinder, setting it instead for the court's next motion date. On June 27, 2005, the trial court denied the Railroad's motion and

ordered "that Plaintiffs shall file within 90 days . . . a more fact specific Complaint."[1]  Three days later, the trial court ordered the Railroad "to allow Plaintiffs to inspect the abatement site and to obtain samples of the materials removed from the . . . locomotives . . . on or before June 24, 2005 . . . ."  Aggrieved by the trial court's rulings, the Railroad filed a petition for interlocutory appeal, which we granted.

## ANALYSIS

¶5.     The three questions presented, simply stated, are whether the plaintiffs are improperly joined; whether the complaint complies with minimum pleading requirements; and whether the trial court erred in ordering the Railroad to participate in discovery prior to ordering Plaintiffs to properly plead the case.

*Joinder*

¶6.     Since handing down **Janssen Pharmaceutica, Inc. v. Armond**, 866 So.2d 1092 (Miss. 2004), we have addressed the requirements for proper joinder in numerous cases.  The concept is not complicated.  For plaintiffs to be properly joined pursuant to Miss. R. Civ. P. Rule 20, they must be bound together by some distinguishable litigable event.  That is, there must be some claim of wrongful or actionable conduct which, if proven by plaintiffs at trial, would result in liability of the defendant to all joined plaintiffs.  A review of the information provided by three of the plaintiffs clearly demonstrates the need for – and absence of – a distinct litigable event for proper joinder in this case.

---

[1]The record before us does not include any amended complaint.

¶7. The complaint tells us that from 1946 to 1959, Holmes County, Mississippi resident Joe Willie Harrington was employed by the Railroad as a trackman. The complaint does not disclose where he worked. From 1960 to 1964, Pike County, Mississippi resident Charles L. Yawn was employed by the Railroad as a machinist. The complaint does not disclose where he worked. From 1975 to 1981, Amite County, Mississippi resident Shurl E. Thomas was employed by the Railroad as a carman apprentice. The complaint does not disclose where he worked. These three plaintiffs worked for the Railroad at different jobs during different time periods, and the complaint is silent as to where they worked. Should this case proceed to trial as to just these three plaintiffs, the jury would be required to decide three separate cases of liability related to employees working at different jobs during three different periods of time. And this case has not three, but forty-seven plaintiffs. The complaint tells us the other forty-four individual plaintiffs worked for the Railroad over a 62-year period of time, with individual periods of employment ranging from two to fifty years. The jobs of the various plaintiffs included engineer, bridge gang worker, switchman, section foreman, brakeman, conductor, cook, inspector, carman, signalman, trainman, laborer, welder's helper, agent, operator, track maintenance worker, and clerk. At trial, each plaintiff would be required to show how, in their respective jobs, they were exposed to a specific toxic or dangerous substance. The forty-seven plaintiffs clearly have not alleged a distinguishable litigable event which connects them and they therefore were improperly joined.

*Minimum pleading requirements*

4

¶8.     In ***Harold's Auto Parts, Inc. v. Mangialardi***, 889 So. 2d 493 (Miss. 2004), we discussed and addressed minimum pleading requirements. We clarified our holding in ***Mangialardi*** in other recent cases including ***3M Co. v. Glass***, 917 So. 2d 90 (Miss. 2005). We think both the Mississippi bar and judiciary are sufficiently on notice that, at a minimum, a complaint must identify a litigable event which entitles the particular plaintiff to recover. That is to say, the complaint must disclose, in general terms, what each defendant did wrong to each plaintiff, and when and where the alleged wrong took place. We do not view this as a burdensome or onerous task since the claim of any plaintiff not possessed of this information would be, at best, speculative.

¶9.     In the case before us, the complaint does not provide notice to the Railroad of when, where, or how any individual plaintiff claims to have been injured. It is possible, it might be argued, for the Railroad to launch an internal investigation and search its records to determine this information. However, we reject the notion that a plaintiff may shift to a defendant the light burden imposed by notice pleading requirements simply because the defendant may have certain information in its files and records. Regardless of the merits of a plaintiff's claim, a defendant is entitled to reasonable notice of why it has been sued by a particular plaintiff. Providing such notice would, in most instances, require plaintiffs' counsel to, at a minimum, interview each plaintiff and conduct some investigation. We are aware that, in mass tort, multi-plaintiff cases, such interviews and investigation could be considerably time-consuming and costly. Where plaintiffs' counsel concludes the cost and task is too great, the options of association of additional counsel or withdrawal from the representation are available. The

5

purpose of litigation is not to amass numerous plaintiffs like so many lottery tickets, to increase the chances of winning; nor is it an exercise in tackling the entire backfield and shucking players until the one with the ball is found. Undertaking the representation of numerous plaintiffs is a commitment to represent *each plaintiff*, and it should not be made absent a contemporaneous commitment to conduct sufficient investigation to form a good faith belief that *each plaintiff* has a viable cause of action against a particular defendant. Where that is done, providing notice in the complaint of each plaintiff's claim against a particular defendant should not prove difficult. Against this background, we find the complaint in this case does not meet minimum pleading requirements.

*Discovery*

¶10. The trial court ordered the parties to go forward with discovery, even though the plaintiffs were misjoined and the complaint was clearly defective in light of ***Mangialardi*** and its progeny. This was an abuse of discretion. Until the plaintiffs provide sufficient information in a well-pled complaint, the trial court cannot determine whether venue is proper as to any of the plaintiffs. Thus, the trial court ordered discovery for plaintiffs who may or may not be properly before the court.

**CONCLUSION**

¶11. The plaintiffs in this case were improperly joined. We remand and instruct the trial court to stay all discovery; to provide the plaintiffs a reasonable time – not exceeding thirty days – to provide sufficient information for a determination of proper venue; and to dismiss, without prejudice, all plaintiffs who cannot satisfy venue requirements in the First Judicial

6

District of Hinds County. If the trial court finds that one or more plaintiffs satisfy the venue requirements, those plaintiffs may proceed with separate cases in the Circuit Court of the First Judicial District of Hinds County. One of the plaintiffs may proceed with the currently filed action, and all others must be assigned new civil action numbers and proceed as in any other new lawsuit.

¶12. The individual plaintiffs, if any, who are dismissed may determine whether to refile a properly-pled complaint in a court of proper venue.

¶13. **PETITION GRANTED; REVERSED AND REMANDED WITH INSTRUCTIONS.**

**SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**