# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-01875-SCT

*KIMBERLY CRUM CREEL*

*v.*

*BRIDGESTONE/FIRESTONE*
*NORTH AMERICAN TIRE, LLC,*
*AND FORD MOTOR COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/15/2005 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEPHEN W. MULLINS |
| | BRANDON C. JONES |
| ATTORNEYS FOR APPELLEES: | DAVID L. AYERS |
| | JAMES J. CRONGEYER, JR. |
| | GRAHAM P. CARNER |
| | TIFFANEE WADE-HENDERSON |
| | WALKER W. JONES, III |
| | BARRY W. FORD |
| | JOAN LEIGH LUCAS |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 03/08/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DIAZ AND DICKINSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In this appeal we are asked to consider the propriety of the Jefferson County Circuit Court's transfer of a suit to Rankin County and the Rankin County Circuit Court's subsequent grant of summary judgment to defendants. Because we have mandated that

plaintiffs misjoined under Miss. R. Civ. P. 20 must be dismissed without prejudice and that judicially articulated rules on severance and transfer will be applied retroactively on appeal, the Jefferson County Circuit Court erred in transferring the case to Rankin County. Instead, the circuit court should have dismissed the case without prejudice for failure to meet the joinder requirements of Rule 20 and because Jefferson County was never an appropriate venue for the claims raised in the complaint. The Rankin County Circuit Court's grant of summary judgment is therefore reversed, and this cause is dismissed without prejudice.

**FACTS**

¶2.     On January 31, 2001, Kimberly Crum Creel, a resident of Louisiana, filed a product liability suit in the Jefferson County Circuit Court against Ford Motor Company and Bridgestone Firestone North America Tire, LLC, for injuries and property damage arising from a rollover accident in Webster Parish, Louisiana. She claimed the accident was caused by product defects in her 1991 Ford Explorer and in her Firestone Wilderness AT tires. Creel acknowledges that no element of her claims had any connection to Mississippi: She was a resident of Louisiana at the time the suit was filed and remains a resident of Louisiana today; she purchased her car and tires in Louisiana; her accident occurred in Louisiana; and her treatment for her injuries occurred in Louisiana. Her claims were originally part of a mass action suit filed in Jefferson County as *Cynthia King, et al. v. Ford Motor Co., et al.*, involving forty-one individual plaintiffs and twenty-seven accidents.

¶3.     After the multi-plaintiff action was filed, Ford and Firestone removed it to the United States District Court for the Southern District of Mississippi, which then transferred it to the Ford/Firestone Multi District Litigation (MDL) panel in the United States District Court for

2

the Southern District of Indiana. After proceeding in the MDL, the action was remanded to the Circuit Court of Jefferson County.

¶4. After the action was remanded, Ford and Firestone filed, and the circuit court granted, motions to sever the improperly joined plaintiffs and transfer them to appropriate venues. Creel and the other severed plaintiffs were ordered to provide the court with an order transferring venue to an appropriate venue of their choice. While there is no indication in the record that Creel or any of the other misjoined plaintiffs provided the circuit court with such an order, the plaintiffs filed a motion for a stay of the proceedings, arguing that the court should require Ford and Firestone to waive any statutes of limitations so that non-resident plaintiffs could dismiss their claims and refile claims in appropriate venues. The court denied the motion to stay and transferred Creel's case, along with several others, to the Circuit Court of Rankin County, where both Ford and Firestone maintained agents for service of process. Creel then filed a petition for an interlocutory appeal, which was denied.

¶5. After the cases were transferred, Ford and Firestone filed a motion for summary judgment, and Creel responded by filing a motion to dismiss the case under the doctrine of forum non conveniens. The circuit court granted Ford and Firestone's motion, finding that Creel's claims were time-barred under the Louisiana statute of limitations, which was applied pursuant to Mississippi's "borrowing statute," Miss. Code Ann. § 15-1-65 (Rev. 2003), and dismissed Creel's motion as moot. Creel now appeals the grant of summary judgment, claiming that the Jefferson County Circuit Court erred in transferring her claim to Rankin County, and that the Rankin County Circuit Court misapplied Louisiana law in finding that the statute of limitations on her claim had run.

3

¶6. Creel raises three issues on appeal, arguing that (1) the Jefferson County Circuit Court erred in transferring her claim to Rankin County; (2) the Rankin County Circuit Court erred in denying her motion to dismiss for forum non conveniens; and (3) the Rankin County Circuit Court misapplied Louisiana law in finding that the statute of limitations on her claim had run. Because the first issue is dispositive, the second and third issues will not be considered in detail.

**Whether the Jefferson County Circuit Court Erred in Transferring Creel's Suit to Rankin County**

¶7. The issue of the transfer of Creel's case concerns the procedural implications of *Janssen Pharmaceutica v. Armond*, 866 So. 2d 1092 (Miss. 2004), in which we held that plaintiffs may not be joined unless their claims are connected by a distinct, litigable event. *Armond*, 866 So. 2d at 1099. If a plaintiff fails to meet the requirements for joinder and venue is not proper before the forum court, the trial judge must determine an appropriate venue and transfer the case. *Id*. at 1102. However, because *Armond* did not provide guidelines to the lower courts for determining venue and transferring severed cases, we found it necessary to revisit these matters in *Canadian National/Illinois Cent. R.R. v. Smith*, 926 So. 2d 839 (Miss. 2006).

¶8. In *Canadian National*, we recognized that requiring trial courts to determine the appropriate venue for misjoined plaintiffs created a number of procedural difficulties and restricted the plaintiffs' traditional right to choose a venue. In light of these problems, we adopted an amended rule for severance and transfer:

> Where plaintiffs are misjoined and severance is required, we hold that the better rule – and the one we adopt today – is for the trial court to (1) allow a plaintiff whose case is properly before the court (if any), and all properly joined plaintiffs, to proceed in the filed action, (2) allow misjoined plaintiffs who are properly before the trial court to proceed with separate actions in the forum court, and (3) sever and dismiss all misjoined plaintiffs who lack proper venue in the forum court, allowing each severed plaintiff to file a new complaint in an appropriate venue selected by that plaintiff.

*Canadian National*, 926 So. 2d at 845. This rule adheres to the general principle that misjoined plaintiffs whose claims were not appropriate in the forum court should be dismissed without prejudice. *See Amchem Prods., Inc. v. Rogers*, 912 So. 2d 853, 859 (Miss. 2005) ("The out-of-state Plaintiffs with no connection to the State of Mississippi and whose causes of action accrued out of state should be dismissed without prejudice based upon forum non-conveniens."); *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493, 495 (Miss. 2004) (ordering dismissal without prejudice of plaintiff's claim for failure to meet joinder requirements). On appeal, Creel argues that *Canadian National*, which was decided nearly two years after her case was transferred, should be applied retroactively to the Jefferson County Circuit Court's decision to transfer her case to Rankin County.

¶9. As an interlocutory order, the transfer of venue merges with the final judgment of the transferee court, and may be considered on direct appeal. *See, e.g., Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings 'merge' with the final judgment."); *Kimball, Raymond & Co. v. Alcorn & Fisher*, 45 Miss. 145, 149 (1871) ("An appeal from the final decree opens for consideration all prior interlocutory orders, any way connected with the merits of the final decree."); *J. Michael Fincher, P.C. v. Wright*, 141 S.W.3d 255, 260 (Tex.

App. 2004) ("A trial court's ruling transferring venue is interlocutory as to the parties, but final as to the transferring court.").

¶10.    We apply a deferential standard in our review of joinder and venue determinations and will not reverse unless we find the trial court has abused its discretion. *Miss. Farm Bureau Fed'n v. Roberts*, 927 So. 2d 739, 741 (Miss. 2006). The retroactive application of judicially enunciated rules is governed by the United States Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). *See Manning v. State*, 929 So. 2d 885, 900 (Miss. 2006) ("We hold today that the limited retroactive standard set forth in the United States Supreme Court case of *Teague v. Lane* should be applied to all issues relating to the retroactive application of judicially enunciated rules."). *Teague* restricted the retroactive application of judicially enunciated rules on collateral review, but affirmed the necessity of applying such rules retroactively to cases on direct appeal. *Teague*, 489 U.S. at 304. This approach is consistent with our retroactive application of rules on direct appeal. *See*, *e.g.*, *Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (Miss. 2002) ("Newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation."); *Ales v. Ales*, 650 So. 2d 482, 486 (Miss. 1995) (decision issued while another case was pending review applied retroactively).

¶11.    Judicially articulated rules regarding severance and transfer will be applied retroactively on appeal. *Albert v. Allied Glove Corp.*, 944 So. 2d 1 (Miss. 2006). There, we considered the claims of 102 plaintiffs who challenged the dismissal without prejudice of their claims through the retroactive application of the joinder requirements articulated in *Armond*. The plaintiffs had filed suit in 2000, seeking tort and product liability damages for

6

exposure to asbestos. In 2004, a number of the defendants filed a motion for relief in light our decision in *Mangialardi*. The trial court granted the defendants' motion and dismissed the plaintiff's claims because the plaintiff was not a resident of this state and did not allege exposure in this state. We affirmed, finding that the rules articulated in *Armond*, *Mangialardi*, and subsequent cases applied retroactively, and that the trial court was therefore correct in dismissing without prejudice misjoined plaintiffs who did not have proper venue in the forum court.

¶12. Creel's case is analogous to *Albert*. Her claim was filed in 2001, and her case was transferred in 2004, before this Court's ruling in *Armond*. Although the Jefferson County trial judge did not have the benefit of *Armond* and *Canadian National* when he ordered Creel's severance and transfer, under *Albert*, the rule articulated in *Canadian National* applies to cases on review. *See also Amchem Prods., Inc.*, 912 So. 2d at 858 (finding that while trial judge did not have the benefit of *Armond* and *Mangialardi* when he denied defendant's motion, those decisions applied on review). Although the Jefferson County trial judge was not at fault in his ruling, his order transferring venue was error, and Creel's claim must therefore be dismissed without prejudice in accordance with *Canadian National*.

¶13. Given the importance of our decisions on severance and transfer in the wake of *Armond*, a short discussion regarding the basis of Creel's dismissal is warranted. Creel argues that both the Jefferson County Circuit Court and the Rankin County Circuit Court should have allowed her to dismiss her claim and refile under the equitable doctrine of forum non conveniens. However, claims of out-of-state plaintiffs with no connections to Mississippi whose claims accrued outside of the state and who do not meet the joinder

7

requirements of Rule 20 must be dismissed without prejudice as a jurisdictional matter. This distinction between jurisdiction and venue is pivotal. While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised, that is, the place where the suit may or should be heard. 77 Am. Jur. 2d Venue § 2 (2006). Thus, at common law, the plea of forum non conveniens "was sustained in cases where *the jurisdiction seemed clear* but the parties were nonresidents and [a given venue] would have been inconvenient." ***Clark v. Luvel Dairy Prods.***, Inc., 731 So. 2d 1098, 1099 (Miss. 1998) (citing Edward L. Barrett, Jr., The Doctrine of Forum Non Conveniens, 35 Cal. L. Rev. 380, 387 n.35 (1947) (emphasis added)).

¶14. By contrast, in cases such as ***Canadian National*** and ***Albert***, we have declined to exercise jurisdiction over claims that have no relation to this state. Because Mississippi was never a proper jurisdiction for plaintiffs such as Creel and those in ***Canadian National*** and ***Albert***, the equitable doctrine of forum non conveniens, which presupposes *two valid* jurisdictions, is inapplicable. The legal principle at issue is not whether one valid jurisdiction or the other is the appropriate venue, but whether this state was ever a valid venue in the first place. The issue is therefore jurisdictional, not equitable.

¶15. Because the trial court should have dismissed Creel's case without prejudice, it necessarily follows that the trial court should not have granted summary judgment.

## CONCLUSION

¶16. Because our decisions in ***Canadian National*** and ***Albert*** must be applied retroactively, the trial court's order transferring Creel's case and its summary judgment are reversed and Creel's complaint and this case are dismissed without prejudice.

¶17.　**REVERSED AND RENDERED.**

　　**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J., CONCURS IN RESULT ONLY.  GRAVES, J., NOT PARTICIPATING.**