*770
ORDER

This matter is before the Court en banc on the Petition of Illinois Central Railroad Company to Appeal from an Interlocutory Order of the Circuit Court of Holmes County and Request for Stay. Also before the Court is the response in opposition to the petition filed by counsel for Respondents. In the original complaints 54 plaintiffs filed suit against the Railroad, claiming they were damaged by exposure to various toxic substances. The Railroad filed a motion to dismiss or, alternatively, to sever and transfer the plaintiffs. On May 13, 2005, the trial court granted the motion and ordered each plaintiff to serve upon the Railroad a
new, fact-specific Amended Complaint, subject to the requirements of M.R.C.P. Rules 8, 9, 10 and 11, which pursuant to [Harold’s Auto Parts, Inc. v. Mangialardi, 889 So.2d 493 (Miss.2004) and Illinois Central R.R. Co. v. Gregory, 912 So.2d 829 (Miss.2005) ], sets forth facts as to the home address, social security number, job classification, and alleged disease of each Plaintiff, and describes which Plaintiff was exposed to which specific product and which specific substances manufactured by which specific manufacturer (if known) and in which workplace (by name and address) and for what specific time periods and frequencies.
The trial court further stated that, once the amended complaints were filed, the court could determine the appropriate venue for transfer.
After the individual plaintiffs filed amended complaints as ordered, the Railroad sought dismissal of certain plaintiffs for their failure to allege the specific product causing them damage. Specifically, each of these plaintiffs stated in their respective amended complaints: “Plaintiff cannot recall specific asbestos (or silica) containing products and material that he worked around while an employee of Defendant at this time.” The Railroad claimed that, based upon this statement, the plaintiffs should be dismissed. The trial court denied the Railroad’s motion to dismiss the plaintiffs and the Railroad filed this interlocutory appeal, claiming the amended complaints are not in compliance with our holding in Mangialardi. We find the trial judge was correct in her ruling, and that Mangialardi is clearly distinguishable from this case.
*771 In Mangialardi, we stated that “264 plaintiffs were exposed over a 75-year period of time to asbestos products associated with 137 manufacturers in approximately 600 workplaces.” Id. at 494. Furthermore, the Mangialardi complaint did not disclose “which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time.” Id. Therefore, we held the complaint was insufficient to meet minimum notice pleading requirements and we remanded, ordering the plaintiffs to provide the missing information including the identification of the particular products each plaintiff claimed had caused them harm. Absent this information, the 137 manufacturers were unable to discern from the complaint the identity of any plaintiff claiming damage from their respective products. Stated another way, the 137 manufacturers were not on notice of which plaintiffs were pursuing claims against them, or why.
The case before us today is different. There is only one defendant, the Railroad. The amended complaints provide the Railroad with sufficient notice of each plaintiffs claims, including the place, period of time, and instrumentality (asbestos and silica) of alleged injury. The amended complaints further allege sufficient information for a determination of appropriate venue. Accordingly, the Court finds that the petition for interlocutory appeal and request for stay are not well taken and should be denied. The Court further finds that this Order should be published as an announcement to all members of the Bar.
IT IS THEREFORE ORDERED that the Petition of Illinois Central Railroad Company to Appeal from an Interlocutory Order of the Circuit Court of Holmes County and Request for Stay is hereby denied.
IT IS FURTHER ORDERED that this Order be published, and that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forthwith forward a true certified copy hereof to West Publishing Company for publication as soon as practical in the advanced sheets of the Southern Reporter, Second Series (Mississippi Edition).
SO ORDERED.
/s/ Jess H. Dickinson Justice
DIAZ, GRAVES, AND RANDOLPH, JJ., not participating.