# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01678-SCT

*SHIRLEY JEAN COLLINS*

*v.*

*KOPPERS, INC. f/k/a KOPPERS INDUSTRIES, INC., BEAZER EAST, INC. f/k/a BEAZER MATERIAL AND SERVICES, HANSON, PLC, HANSON BUILDING MATERIAL LIMITED f/k/a HANSON, PLC, HANSON HOLDINGS LIMITED, HANSON HOLDINGS BASALT, INC., HANSON HOLDINGS ARAGONITE, INC., HBMA HOLDING, INC. AND THREE RIVERS MANAGEMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/2009 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | HUNTER W. LUNDY |
| | KRISTIE M. HIGHTOWER |
| | WILBUR O. COLOM |
| ATTORNEYS FOR APPELLEES: | CHRISTOPHER A. SHAPLEY |
| | ROBERT L. GIBBS |
| | WILLIAM 'TREY' JONES, III |
| | JOSEPH A. SCLAFANI |
| | JAY GORE, III |
| | REUBEN V. ANDERSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/21/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Shirley Collins filed suit against Koppers, Inc., and several other defendants, alleging that she was injured as a result of environmental contamination by a wood-treatment facility. The defendants filed a motion to dismiss after Collins repeatedly failed to comply with a court order to provide expert opinions that causally linked her injuries to the alleged contamination. The trial court granted the defendants' motion to dismiss and awarded them attorneys' fees. We find no abuse of discretion and affirm the trial court's ruling.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On May 27, 2005, Rebekah Angle and multiple other plaintiffs (including Shirley Collins, the plaintiff in the present case) filed suit against several defendants, alleging injury from exposure to toxic chemicals allegedly emitted by a wood-treatment facility. The defendants filed a combined motion to sever and dismiss and for attorneys' fees and sanctions, arguing that the claims were improperly joined. At the hearing on the motion, the trial judge randomly selected the names of several individual plaintiffs and asked plaintiffs' counsel how those individuals had been damaged. Plaintiffs' counsel was unable to inform the trial court as to how any of the individual plaintiffs had been injured by the defendants.

¶3.     The trial judge found that the complaint did not "come anywhere close to providing the information that is required" by this Court's decision in *Harold's Auto Parts v. Mangialardi*,[1] nor did it provide the "'core information' that would provide the defendants

---

[1]*Harold's Auto Parts v. Mangialardi*, 889 So. 2d 493 (Miss. 2004) ("Complaints should not be filed in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action. Absent exigent circumstances, plaintiffs' counsel should not file a complaint until sufficient information is obtained, and plaintiffs' counsel believes in good faith that each plaintiff has an appropriate cause of action to assert against a defendant in the jurisdiction where the complaint is to be filed. To do otherwise is

with any meaningful information as to how and when each plaintiff was damaged." The trial judge also found that joinder was improper, stating "[h]ere the only common factor is that each plaintiff claims that at some point in their lives, they were damaged in some way by the creosote plant and/or the railroad company. That is not enough to satisfy the joinder rules of this state." The trial judge subsequently entered an order severing the plaintiffs' claims and ordering them to file separate complaints that satisfied the pleading requirements of *Mangialardi* within thirty days. He further ordered the plaintiffs' attorneys to pay the reasonable attorneys' fees and costs of the defendants "as sanctions."

¶4. On March 17, 2006, Shirley Collins refiled her complaint individually. Collins's suit named as defendants Koppers, Inc., Beazer East, Inc., Three Rivers Management (collectively referred to as the "defendants")[2] and Illinois Central Railroad Company.[3] Collins claimed that she was "exposed to harmful substances emanating from the defendants' wood-treatment facility located in Grenada County." Collins claimed that she suffered from a heart condition, high blood pressure, dizziness, and diabetes as a result of exposure to the toxic chemicals released by the facility.

---

an abuse of the system, and is sanctionable.").

[2]These three defendants were represented by the same counsel, although Illinois Central joined in all relevant pleadings. Koppers, Inc., owns the wood-treatment plant, and Illinois Central is one of its primary customers. Beazer East, Inc., is a former owner of the plant that is involved in environmental cleanup at the facility, which is being performed by Three Rivers Management, Inc. Collins also named several foreign companies as defendants, but they were dismissed with prejudice for lack of *in personam* jurisdiction.

[3] After the filing of this appeal, Collins filed a motion to dismiss the appeal as to Illinois Central, which this Court granted. The motion stated that the parties had agreed to terminate the litigation and that Collins no longer desired to prosecute the appeal against Illinois Central. Thus, we do not analyze Collins's arguments as to Illinois Central.

¶5.    The defendants filed another motion to dismiss, arguing that Collins had failed to

provide the "core information" required by *Mangialardi*. The defendants argued that –

despite the trial court's earlier direction that each plaintiff file an individual complaint that

complied with *Mangialardi* – Collins had filed a "boilerplate complaint nearly identical to

the mass joinder complaint originally filed in [the] case." The defendants also pointed out

that Collins's complaint failed to provide any information as to how and when she was

injured, the dates of any diagnoses, the manner and frequency of her alleged exposure, or the

locations of any alleged exposure. Finally, the defendants noted that the trial court's

previous order warned that any complaint that failed to met the *Mangialardi* pleading

requirements would be dismissed with prejudice.

¶6.    After being so ordered by the trial judge, Collins responded to the motion, arguing that

she had (in good faith) included specific information in her complaint, and that the

defendants were well aware of her claims because of similar ongoing litigation.[4] The trial

judge denied the defendants' motion to dismiss, finding that the complaint did "at least set

out a claim upon which relief could be granted." But he ordered Collins to provide a more

definite statement detailing "the dates of the alleged exposure and manifestation of injuries,

the manner of any such exposure, and which chemicals caused the alleged injuries. . . . "

Collins filed the additional information as ordered,[5] and the defendants subsequently filed

their answers.

---

[4] Collins specifically referred to *Beck v. Koppers, Inc.*, No. 3:03CV-60-P-D (N.D. Miss.) (a similar case filed in the Northern District of Mississippi in 2003).

[5] Collins listed the dates of her residence in Grenada, the dates of the diagnoses of her various ailments, and chemicals that allegedly caused her injuries.

¶7.    On September 7, 2006, the defendants propounded discovery to Collins, requesting, among other things, information relating to the experts on whom she had relied in making her claims.  Specifically, defendants' Interrogatory No. 21 read:

> Identify any expert witness(es) whom Plaintiff may have testify at a trial or hearing in this matter and state with respect to each such expert:
> a.    The subject matter on which the expert is expected to testify;
> b.    The facts and opinions to which each expert is expected to testify; and
> c.    The grounds for each opinion.

Collins responded that she had "not determined which experts will testify at the trial or at a hearing in this matter," but that she would "supplement responses to Interrogatory No. 21 when a determination has been made. . . . "  Several months later, the defendants filed additional discovery requests, again seeking information about Collins's expert witnesses. Collins again responded that "the request calls for an expert opinion and . . . no determination has been made as to what expert witnesses will be called to testify. . . . "

¶8.    Illinois Central also propounded discovery requests to Collins.  After the deadline had passed with no response, counsel for Illinois Central conferred with Collins's counsel, and they agreed to a response date.  A week after the agreed response date, Collins submitted responses to a set of interrogatories propounded by Illinois Central in a *different* lawsuit. Counsel for Illinois Central alerted Collins's counsel of the mistake, and Collins's counsel indicated that he was "working on" the correct responses.  After several months with no response, Illinois Central filed a motion to compel, which the trial court granted.  Whether Collins ever responded to Illinois Central's discovery requests is disputed by the parties.

¶9.    On September 7, 2008, the defendants filed a motion for expert disclosure, seeking an order requiring Collins to identify the basis, including all expert opinions, for the

5

contention that a particular chemical *could* cause the medical conditions Collins alleged in her complaint and for the contention that the particular chemical *had* caused those specific medical conditions. On December 3, 2008, the trial court granted the defendants' motion, noting:

> In order to establish [her] claims, [Collins] must establish by expert testimony a causal connection between the illnesses and the exposure to chemicals from the wood treat [sic] plant. Rule 11 of the Mississippi Rules of Civil Procedure states that the signature on a pleading "constitutes a certificate that the attorney has read the pleading or motion; that to the best of the attorney's knowledge, information, and belief there is good ground to support it." Thus, this court is confident that [Collins] already has the information that the defendants are seeking and that it would not be unduly burdensome to provide it.

The trial judge ruled that, within thirty days from the date of the order, Collins was to:

1.  Identify the basis, including all expert opinions, for the contention that a particular chemical can cause the specific medical conditions for which the [she] complains.
2.  Identify the basis, including all expert opinions, for the contention that the particular chemical has actually in fact caused the specific medical conditions for which [she] complains.
3.  Identify the basis, including all expert opinions, for establishing how [her] exposure to a specific chemical, both in manner and amount, was sufficient in fact to cause [her] specific medical conditions.
4.  Respond fully and completely to Interrogatory 21 seeking expert disclosures and supplement all discovery requests seeking expert information.

¶10.    On December 12, 2008, Collins filed a motion for relief from order, requesting additional time to comply with the trial court's order. The trial court denied Collins's request for additional time, stating: "This court . . . finds that the information that was ordered to be provided to the defendants is information that should have been in the possession of the plaintiff's attorney prior to the filing of a complaint, and at the very latest, when the plaintiff filed a more definite statement . . . . " On the day of the trial court's deadline, Collins served

6

supplemental responses to the defendants' discovery requests. But Collins's responses made no reference to her specific injuries or to individual issues of causation. Rather, her responses merely detailed several expert's opinions that were given in other, related litigation who "may be called to give testimony."

¶11. On January 14, 2009, the defendants filed a motion to dismiss, or, in the alternative, for summary judgment, and for sanctions. The defendants argued that Collins had "defied" the court's "clear and straightforward" direction to provide them with specific expert information linking the particular injuries claimed by Collins to exposure to chemicals from the wood-treatment facility. They asked that the trial court dismiss Collins's complaint with prejudice under Mississippi Rule of Civil Procedure 41(b) for failure to comply with a court order. In the alternative, they asked the court to grant summary judgment under Mississippi Rule of Procedure 56 because Collins had failed to demonstrate that she could meet her evidentiary burden in the case, or that there was any genuine issue of material fact. Finally, the defendants asked the trial court to order Collins to pay their expenses and attorneys' fees under Mississippi Rules of Civil Procedure 11 and 37.

¶12. The trial judge entered a scheduling order and instructed Collins to reply to the defendants' motion within ten days. Collins did not file a response, and the trial court granted the defendants' motion, dismissing Collins's complaint with prejudice. Several days later, Collins filed a motion to set aside summary judgment and for permission to file an out-of-time response, stating that she had never received the defendants' motion or the trial court's scheduling order. The trial court granted Collins's motion and gave her an additional five days to respond. Eight days later, rather than responding, Collins's counsel filed a

7

motion to enter scheduling order.[6] Five days after that, Collins responded to the defendants' motion to dismiss.

¶13. In her response, Collins argued that her case should not be dismissed, because "[d]iscovery is an ongoing process that requires a party to timely supplement . . . . [h]ere, discovery is not complete and none of the cases are set for trial." Collins also argued that summary judgment was improper, because "[w]ithout doubt, [Collins's alleged medical conditions] are causally associated with the toxic exposure from Koppers and a well established correlation exists." Collins cited an expert report detailing the health effects on nearby residents to support her contention (although the report made no reference to Collins individually).

¶14. The trial judge granted the defendants' motion without a hearing. As to their Rule 41(b) dismissal argument, the trial judge noted: "In defiance of the order of this court, and now three years after acknowledging that expert testimony is necessary, [Collins] has never provided any information concerning the names or expected testimony of expert witnesses." The trial judge concluded that dismissal with prejudice was appropriate, because of "the length of time this litigation has been ongoing and the fact that the plaintiff has failed to provide the information concerning expert witnesses, and has done very little to advance this litigation . . . ."

¶15. The trial judge also found that the defendants were entitled to summary judgment, because Collins had "presented no medical or scientific evidence that would prove the

---

[6]Collins's counsel also was representing several of the other plaintiffs who had individually filed after being dismissed from the *Angle* case.

8

requisite elements of her claims." The trial judge noted that the only evidence Collins had offered was "a list of her alleged illnesses and an academic paper compiled by several authors published in 2003 . . . . [that] outlines some of the health effects associated with exposure to the harmful chemicals that are utilized within a wood treatment plant similar to the Grenada facility."

¶16.    Finally, the trial judge found that the defendants were entitled to attorneys' fees and costs under Mississippi Rules of Civil Procedure 11 and 37, as well as the Litigation Accountability Act of 1988, which the court raised on its own motion. Although the trial judge found no evidence that Collins's complaint was vexatious, or that it was filed for the purpose of harassment or delay, he did find that her complaint was "frivolous and groundless in fact." He ordered that Collins and all her attorneys who either had entered an appearance or had attached their names to any pleadings were jointly and severally liable and must pay $3,677.50 to Illinois Central, and $7,086.43 to the other defendants. The trial judge noted that, "[i]f sanctions are not appropriate and justified in this case, then this court can conceive of no circumstances under which sanctions would ever be warranted." Collins filed a motion to reconsider and/or clarify judgment, which the trial court denied, and she appeals.

¶17.    On appeal, Collins asserts several arguments, which we restate for clarity:

> (1) Whether the trial court abused its discretion when it dismissed Collins's complaint with prejudice under Rule 41(b);
> (2) Whether the trial court erred when it granted the defendants' motion for summary judgment as to all Collins's claims, without a hearing; and
> (3) Whether the trial court abused its discretion when it ordered Collins and her attorneys – some of whom were not "active" in the proceedings – to pay defendants' attorneys' fees and costs.

9

We find no abuse of discretion in the trial court's dismissal of Collins's complaint with prejudice under Rule 41(b), making issue two moot. We also find no abuse of discretion in his award of attorneys' fees and therefore affirm the judgment.

**ANALYSIS**

**(1) Rule 41(b) Dismissal**

¶18. Mississippi Rule of Civil Procedure 41(b) allows for the involuntary dismissal of a case in certain situations:

> For failure of the plaintiff to prosecute or to comply with these rules *or any order of court,* a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

M.R.C.P. 41(b) (emphasis added). This Court reviews Rule 41(b) dismissals for an abuse of discretion. *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990) (citations omitted). Rule 41(b) is concerned with "those orders that are necessary for preparation of trial litigation as well as the trial itself and its procedure insofar as it relates to the rules of civil procedure." *Id.* at 377.

¶19. This Court has said that "dismissal for failure to comply with an order of the [trial] court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." *Id.* at 376 (citations omitted). If the record does not reflect that the trial court considered alternative sanctions,[7] a Rule

---

[7] "Alternative sanctions" include "'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice,

10

41(b) dismissal is "less likely to be affirmed." ***Wilson v. Nance***, 4 So. 3d 336, 343 (Miss. 2009) (citation omitted). In addition to a clear record of delay and inadequacy of lesser sanctions, this Court has noted that "Rule 41(b) dismissals are often affirmed in cases where there is at least one 'aggravating factor' present." ***Id.*** at 341. "Aggravating factors" include the plaintiff's (as opposed to her attorney's) responsibility for the delay, actual prejudice to the defendant, or the fact that intentional conduct caused the delay. ***Id.*** at 344.

¶20. Collins argues that dismissal was improper because the record does not reflect delay or contumacious conduct, the trial judge did not consider lesser sanctions, and no aggravating factors are present. The defendants argue that Collins never raised these arguments before the trial court, and she is therefore procedurally barred from raising them before this Court. We agree that Collins is procedurally barred from arguing these issues before this Court. *See* ***Southern v. Mississippi State Hosp.***, 853 So. 2d 1212, 1214-15 (Miss. 2003) ("A trial judge cannot be put in error on a matter not presented to him. This Court repeatedly has held that issues not raised at trial cannot be raised on appeal.") (citations omitted). Procedural bar notwithstanding, we find no abuse of discretion in the trial court's dismissal of Collins's complaint with prejudice.

*Delay or Contumacious Conduct*

¶21. A careful review of the record reflects a clear pattern of delay by Collins and her attorneys. After Collins filed her complaint in March 2006 – and was ordered to file a more definite statement – the defendants attempted on several occasions to ascertain the basis for

---

and explicit warnings.'" ***Wilson***, 4 So. 3d at 343 (citations omitted).

her claim that her injuries were caused by the wood-treatment plant. When Collins refused to respond to the defendants' discovery requests in any meaningful manner, they filed a motion for expert disclosure. The trial court granted the motion and specifically ordered Collins to provide the defendants with information about the expert witnesses who could establish a causal connection between her injuries and the alleged exposure to toxic chemicals. Collins filed a motion for relief from order, and when that was denied, served supplemental responses on the defendants that merely reiterated several expert's opinions from other litigation. Collins has, for more than three years, refused to provide the defendants with any meaningful expert-witness information. We find that a clear record of delay exists in this case.

*Lesser Sanctions*

¶22. The record does not indicate that the trial judge considered lesser sanctions in this case. But that fact alone does not require reversal. Although this Court has stated that it is "less likely" to affirm a Rule 41(b) dismissal if the record does not reflect that the trial court considered lesser sanctions, it is clear that the ultimate decision lies with this Court. *See, e.g., Wilson*, 4 So. 3d at 341 ("*this Court* must determine . . . whether lesser sanctions could have served the best interests of justice . . . ") (emphasis added); *Cox v. Cox*, 976 So. 2d 869, 876 (Miss. 2008) ("We also find that lesser sanctions *would not suffice under these circumstances* because lesser sanctions could not cure the prejudice . . . caused by the delay.") (emphasis added). We find that lesser sanctions would not have "served the best interests of justice" in this case. *Wallace*, 572 So. 2d at 376. The record indicates Collins's continued refusal to provide the expert information sought by the defendants, as well as her

12

defiance of the trial court's direct order to provide it, and we find that lesser sanctions would not suffice.

*Aggravating Factors*

¶23. Finally, the record evidences that intentional conduct caused delay in the proceedings. The defendants' discovery requests have been pending since 2006. Collins repeatedly has referred to the opinions of experts from other, related litigation in several of her pleadings, yet she has failed to this day to produce any expert evidence specific to her claims. She has made no attempt to explain why she has been unable to obtain any expert information that pertains specifically to her claims. We find that Collins purposely has delayed this litigation.

¶24. It is obvious that the trial judge exercised considerable patience and restraint in dealing with the delays caused by Collins's counsel. The record is replete with instances of the failure of Collins's counsel to abide by the orders of the trial court. We take this opportunity to remind the bar of what this Court previously has stated on this point:

> Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Our trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril.

***Bowie v. Montfort Jones Mem'l Hosp.***, 861 So. 2d 1037, 1042 (Miss. 2003).

¶25. We find no abuse of discretion in the trial court's Rule 41(b) dismissal of Collins's claims, as there is a clear record of delay, lesser sanctions would not have sufficed, and there is evidence of intentional conduct. We therefore affirm the trial court's dismissal of Collins's complaint with prejudice, making the issue of summary judgment moot.

13

**(2) Sanctions**

¶26.  Mississippi Rule of Civil Procedure 11(b) states, in pertinent part:

> If any party files a motion or pleading which, in the opinion of the court, *is frivolous or is filed for the purpose of harassment or delay*, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.

M.R.C.P. 11(b) (emphasis added).  And Mississippi Code Section 11-55-5(1) (part of the "Litigation Accountability Act") states, in pertinent part:

> Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, *that is without substantial justification* . . . .

Miss. Code Ann. § 11-55-5(1) (Rev. 2002) (emphasis added).  The phrase "without substantial justification" means a filing that is "*frivolous, groundless in fact or in law, or vexatious*, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2002) (emphasis added).  When a court determines that fees shall be assessed, "it shall assess the payment against the offending attorneys or parties, or both, and in its discretion may allocate the payment among them, as it determines most just, and may assess the full amount or any portion to any offending attorney or party."  Miss. Code Ann. § 11-55-5(3).

¶27.  This Court reviews a trial judge's award of sanctions under Rule 11 and the Litigation Accountability Act for abuse of discretion.  ***In Re Spencer***, 985 So. 2d 330, 336-37 (Miss. 2008).  "'In the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors, the

14

judgment of the court's imposition of sanctions will be affirmed.'" ***Id.*** at 337 (citations omitted).

¶28. Collins argues that her complaint was not "frivolous," and that the award of attorneys' fees is therefore improper. She also argues that, in the alternative, the trial judge abused his discretion by not ordering reduced fees. Finally, she argues that the trial judge abused his discretion when he held attorneys who were not "active" in the litigation jointly and severally liable. We find no abuse of discretion and affirm the award.

*Whether Collins's complaint was frivolous.*

¶29. A pleading or motion is "frivolous" when the pleader or movant has "no hope of success." ***Tricon Metals & Servs., Inc. v. Topp***, 537 So. 2d 1331, 1335 (Miss. 1989). But "[a] plaintiff's belief alone will not garner a 'hope of success' where a claim has *no basis in fact*." ***Foster v. Ross***, 804 So. 2d 1018, 1024 (Miss. 2002) (emphasis added).

¶30. In his order granting sanctions, the trial judge noted that Collins's case was very similar to the situation in ***Foster v. Ross***. There, a nephew filed suit against his uncle in an estate action, claiming that his uncle had exerted undue influence over his grandmother. ***Id.*** at 1019. But the nephew offered no proof at trial to support his allegation of undue influence. ***Id.*** at 1021. The trial judge awarded sanctions, finding that "because there was a total lack of evidence to support the claim of a confidential relationship . . . [the nephew] had no hope of success in pursuing the action. ***Id.*** This Court affirmed the judgment. ***Id.*** at 1025.

¶31. Similarly, the trial judge here found that Collins had "presented not one scintilla of proof in support of the allegations contained in her complaint. Because there are no facts to

support her claims, Collins had absolutely no chance of success in this action." The trial judge went on to note specifically the eleven factors to be considered under the Litigation Accountability Act when determining whether to order sanctions.[8] After setting out several factual findings, the trial judge concluded:

> In summary, the plaintiff filed a complaint that improperly joined her claims with the claims of ninety-four (94) other plaintiffs. The separate complaint that was filed was so vague that the defendants could not file a response without first obtaining additional information from the plaintiff. The plaintiff sued several defendants that played no role in the operation of the wood treatment facility. Despite an order from this court to respond to discovery, the plaintiff failed to respond to the defendants' request for discovery concerning expert witnesses. The plaintiff, prior to the filing of her complaint, never had a medical expert or an expert in any field advise her that the injuries, illnesses, or property damage from which she claims to suffer, were caused by the conduct of the defendants. Finally, the plaintiff has presented no proof of any kind to this court, to support her contention that she was injured by the defendants. Given all these factors, sanctions under both Rule 11 and the Litigation Accountability Act are appropriate and, in fact, well justified. Her complaint is frivolous and unsupported by any facts. If sanctions are not appropriate and justified in this case, then this court can conceive of no circumstances under which sanctions would ever be warranted.

We agree with the trial judge. We find that he properly considered all the required factors and that he did not abuse his discretion when he found that Collins's complaint was frivolous.

*Whether the attorneys' fees were reasonable.*

¶32. In *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259 (Miss. 1999), this Court stated that "the reasonableness of an attorney's fee award is determined by reference to the factors set

---

[8] *See* Miss. Code Ann. § 11-55-7 (Rev. 2002).

16

forth in Rule 1.5 of the Mississippi Rules of Professional Conduct." *Id.* at 269. The factors

are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.[9]

*Id.* This Court noted that, in addition to these factors, the Legislature instructs the trial court

to "make the award based on the information already before it and the court's own opinion

based on experience and observation . . . . " *Id.* at 270 (quoting Miss. Code Ann. § 9-1-41

(Rev. 2002)).

¶33. In ***BellSouth Personal Communications, LLC v. Board of Supervisors***, 912 So. 2d

436 (Miss. 2005), this Court cited with approval the United States Supreme Court's

"lodestar" method of calculating attorneys' fees:

> The United States Supreme Court adopted the "lodestar" method of calculating reasonable attorney fees. In calculating the "lodestar" fee, [t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services . . . .

---

[9] These factors are also known as the "***McKee factors***." *See **BellSouth***, 912 So. 2d 436, 446 (Miss. 2005) (the factors were laid out for the first time by this Court in ***McKee v. McKee***, 418 So. 2d 764, 767 (Miss. 1982)).

17

*Id.* at 446-47. Thus, a trial judge is to "[determine] a reasonable fee, based on the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate," and consider the eight factors enumerated in Rule 1.5 of the Mississippi Rules of Professional Conduct. *In Re Estate of Gillies*, 830 So. 2d 640, 646 (Miss. 2002).

¶34.   Collins argues that the defendants' decision to calculate their fees on a pro rata basis was improper.[10]   She also argues that the affidavits[11] submitted by the defendants' attorneys were "inadequate for the trial court to determine reasonableness."   We disagree.

¶35.   The trial judge began his discussion of the reasonableness of the defendants' attorneys' fees by noting that his analysis was to be guided by the *McKee* factors (the Rule 1.5 factors, see *supra note 9*).   The judge noted that "[t]his litigation has been ongoing for over four years, requiring several hearings, and the pleadings are voluminous."   After considering those factors, "[the] court's knowledge of what is charged for legal services in the area, and all other [*McKee*] factors," the trial judge found that the amount of attorneys' fees submitted by the defendants was reasonable.

¶36.   We find that the trial judge did not abuse his discretion when he found that the submitted attorneys' fees were reasonable. Collins cites no authority for her proposition that

---

[10] The *Angle* plaintiffs were ordered to file separate actions in 104 cases.  Eighteen of those actions were similarly situated and involved the same attorneys, of which seventeen have been stayed to await the outcome of this appeal.  Thus, the defendants' attorneys calculated their fees in the Collins matter as follows: 18/104 (these eighteen cases involve seventeen percent of the *Angle* litigation as a whole).  That amount was divided by eighteen to arrive at the cost per case.

[11] The defendants' attorneys submitted affidavits listing the total hours worked and the total amount billed for the eighteen cases, from which their hourly rate can be calculated. *See supra note 10*.   One-eighteenth of this amount was assessed as fees and costs for Collins's case.

the defendants' attorneys were *required* to submit their actual billing statements, nor does she cite any authority for her proposition that the defendants' attorneys' pro rata method of calculation was improper. After reviewing the trial judge's order, we find that he applied the correct method in determining the reasonableness of the submitted fees, and that an award of approximately $10,000 in attorneys' fees for almost four years of litigation was not an abuse of his discretion.

*Whether the trial judge improperly sanctioned "non-active" attorneys.*

¶37.  Finally, Collins argues that the trial judge abused his discretion when he ordered that several "non-active" attorneys were jointly and severally liable for the attorneys' fees. We disagree. Collins cites absolutely no authority to support her position except for a portion of the Litigation Accountability Act which states that the court "shall assess the payment against the offending attorneys or parties, or both." Miss. Code Ann. § 11-55-5(3) (Rev. 2002). We find that the trial judge did not abuse his discretion, as his order makes clear that only those attorneys who had made an entry of appearance or attached their names to any pleadings, i.e., the "offending attorneys," would be affected.

## CONCLUSION

¶38.  We find no abuse of discretion in the trial judge's decision to grant a dismissal with prejudice under Rule 41(b), making the summary judgment issue moot. We also find no abuse of discretion in the trial judge's sanction award and therefore affirm the judgment.

¶39.  **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**

19